(101 App. Div. 9)

### ROSENSTOCK et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. January 13, 1905.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—SALARY OF POLICE OFFICER.
   Code Civ. Proc. § 1391, providing that, on the return of an unsatisfied execution on a judgment for necessaries, the court shall grant an order for execution against the salary or wages of the judgment debtor, and it shall be the duty of any "person or corporation" to whom the execution shall be presented, and who shall be indebted to the judgment debtor, to

pay over to the officer the amount of the debt, does not authorize the institution of the supplementary proceedings therein provided for against a municipal corporation to reach the salary of a police officer.

Appeal from Municipal Court of City of New York.

Action by Meyer Rosenstock and another against the city of New York. From a judgment of the Municipal Court sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward Lazansky and Joseph J. Corn, for appellants.
Edward H. Wilson, for respondent.

HIRSCHBERG, P. J. A demurrer to the original complaint was sustained by the Municipal Court of the city of New York on the ground that it did not state facts sufficient to constitute a cause of action, and that decision was affirmed on appeal. See Rosenstock v. City of New York (Sup.) 89 N. Y. Supp. 948. We then held that the complaint was defective in not alleging the nonexistence of a prior unsatisfied and outstanding execution, similar in character to that issued in behalf of the plaintiffs. The complaint has been amended in the respect referred to, but the amended complaint has also been held bad on demurrer; and on this appeal we are required to determine whether section 1391 of the Code of Civil Procedure, under which the action is brought, applies to an employé of a municipal corporation.

The facts are fully set forth in the opinion of Mr. Justice HOOKER on the first appeal. It is sufficient for present purposes to say that the plaintiffs have recovered a judgment against one of the defendant's police officers for necessaries sold to him by them, and that they seek in this action to recover a percentage of his salary as such police officer, to be applied in the discharge of his indebtedness.

The language of section 1391 of the Code of Civil Procedure is somewhat peculiar. It provides first that, on the return wholly or partly unsatisfied of an execution issued upon such a judgment as the plaintiffs have recovered, the court, on certain proof, must grant an order that an execution issue against the wages, debt, earnings, salary, income from trust funds or profits of the judgment debtor, and that, "on presentation of such execution by the officer to whom delivery for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits" are due and owing, the execution shall become a lien and a continuing levy upon such wages, earnings, debts, salary, income, or profits, to the extent therein stated. Nothing is said in that part of the section expressly about any claim of the judgment debtor against a corporation. The section does, however, provide in the second place that "it shall be the duty of any person or corporation to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the fu-

ture," to pay over to the officer presenting the same the prescribed amount of the indebtedness.   In the event of failure so to pay over, the person or corporation becomes liable to an action by the judgment creditor for a recovery of the money.   The obvious effect of this section, taken as a whole, is to create a lien by execution upon the claims of the judgment debtor against persons, and to include the indebtedness to him of corporations;  but municipal corporations, as such, are not included in express terms.   It has long been the law in this state that public policy is opposed to the subjection of the salaries of municipal officers and servants to seizure by process issued against the municipality, and even to the operation of voluntary assignments by the officers and servants in anticipation of the rendition of services.   Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273; Bowery National Bank v. Wilson, 122 N. Y. 478, 25 N. E. 855, 9 L. R. A. 706, 19 Am. St. Rep. 507.   It would seem to follow that the provisions of the section in question should not be applied to such corporations unless a clear intent to include them is to be found in the language employed, or is necessarily embraced within the scope of the remedial legislation.   In Moran v. Long Island City, 101 N. Y. 439, 5 N. E. 80, relied upon by the appellants, the question presented was somewhat different.   In that case the action was brought pursuant to section 1778 of the Code of Civil Procedure, and the Court of Appeals held that the words "domestic corporation" were intended to include municipal corporations.   Section 1778 is a part of article 1 of title 2 of chapter 15 of the Code of Civil Procedure, and, as section 1804 expressly exempts municipal corporations from the operation of articles 2, 3, and 4 of that title, the court found (page 440, 101 N. Y., page 80, 5 N. E.) that it was "plainly to be inferred that the provisions of article first of that title are intended to be applied."

In Wallace v. Lawyer, 54 Ind. 501, 23 Am. Rep. 661, the court was called upon to construe a provision of the practice act of the state of Indiana authorizing proceedings supplementary to execution against any "person" or "corporation," under which proceedings were instituted to reach the salary of a judgment debtor who was a county auditor;  and it was held that the provision did not refer to municipal corporations or bodies politic and corporate, but only to private or ordinary business corporations.   The court, citing many cases in other jurisdictions which were similarly decided upon grounds of public policy, said (page 506, 54 Ind., 23 Am. Rep. 661):

"These authorities mainly refer to municipal corporations, but we think the same principle applicable to a body politic and corporate, as a county, and even for stronger reasons.   And the decisions are generally made upon statutes authorizing corporations, in terms, to be garnished, yet the courts hold that the general word 'corporation' must be restricted to mean private or ordinary business corporations, and not extended to embrace municipal corporations or bodies politic and corporate.   The words used in the statute of this state are, any 'person' or 'corporation,' in general terms."

The precise question now under consideration was considered by Mr. Justice Seabury, at a Special Term of the City Court of New York, in Emes v. Fowler, 43 Misc. Rep. 603, 89 N. Y. Supp. 685,

and upon a review of numerous authorities the same result was reached, and expressed in an elaborate and satisfactory opinion.

It follows that the judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.