## OSTERHOUDT v. KEITH.

(Supreme Court, Appellate Division, First Department.   June 18, 1909.)

1. EXEMPTIONS (§ 8*)—STATUTE—RETROACTIVE EFFECT.

Laws 1908, p. 433, c. 148, amending Code Civ. Proc. § 1391, which permitted an execution against the salary of the judgment debtor only when the judgment was for necessaries or work performed in a family as a domestic, so as to authorize execution on any judgment, provided the salary of the judgment debtor is $12 a week or more, is not retroactive, and has no application to a judgment recovered before it took effect.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 8; Dec. Dig. § 8.*]

2. EXEMPTIONS (§ 48*)—PUBLIC OFFICER—SALARY—"PERSON"—"CORPORATION" "MUNICIPAL CORPORATION."

Laws 1905, p. 370, c. 175, in amendment of Code Civ. Proc. § 1391, authorizing an execution against the wages or salary of the judgment debtor, and making it the duty of any person or corporation, municipal or otherwise, to whom the execution shall be presented, and who shall be indebted to the judgment debtor, to pay over to the officer the amount of the debt, does not authorize the issuance of an execution against the salary of a state officer; the state being neither a person nor a corporation, as that term is ordinarily used, nor a municipal corporation.

[Ed. Note.—For other cases, see Exemptions, Dec. Dig. § 48.*

For other definitions, see Words and Phrases, vol. 2, pp. 1620, 1621; vol. 8, pp. 7619, 7620; vol. 5, p. 4626; vol. 8, p. 7726; vol. 6, pp. 5332–5334; vol. 8, p. 7752.]

Appeal from Special Term, New York County.

Action by Jason E. Osterhoudt against Thomas A. Keith, impleaded, etc. From an order denying a motion to vacate an order directing that an execution issue against defendant's salary, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

L. E. Ginn, for appellant.

J. F. Stricker, for respondent.

SCOTT, J.   The appellant is a state officer, to wit, assistant factory inspector of the state of New York.   On April 27, 1907, the plaintiff recovered a judgment against him in an action upon a promissory note. On February 4, 1909, an ex parte order was made by a justice of this court directing that an execution issue to the sheriff of Albany county, pursuant to section 1391 of the Code of Civil Procedure, against the wages, earnings, and salary of the appellant due and owing to him, or which shall thereafter become due and owing to him, through the State Comptroller at Albany.

The present appeal is from an order denying appellant's motion to vacate the above order and the execution entered under it.   The judgment sought to be collected was recovered prior to the passage of chapter 148, p. 433, Laws 1908, when the statute permitted an execution against wages or salary to issue only when the judgment was for necessaries furnished, or work performed in a family as a domestic. By the amendment of 1908, the section is made applicable to any judg-

ment, provided the wages or salary of the judgment debtor amount to $12 per week or more. We have already decided that the amendment is not retroactive, and does not permit the issuance of an execution against wages or salary upon a judgment recovered before the adoption of the amendment, unless the judgment was of the character described in the act before it was amended. Kelly v. Mulcahy, 116 N. Y. Supp. 61.

There is another reason why the execution may not stand. Prior to 1905, the section permitted the collection upon such an execution from the "person or corporation" employing the judgment debtor, and to whom the execution was presented. It was held that this did not permit the collection of salary payable to an officer or employé of a municipal corporation. Rosenstock v. City of New York, 101 App. Div. 9, 91 N. Y. Supp. 737; Emes v. Fowler, 43 Misc. Rep. 603, 89 N. Y. Supp. 685. These decisions rested upon the broad proposition that is settled beyond dispute that, in the absence of express legislative authority, the wages or salary of a public employé or officer, although due, cannot be reached before it comes into his possession, either by execution or by supplementary proceedings on behalf of the judgment creditor. Bliss v. Lawrence, 58 N. Y. 442, 17 Am. Rep. 273. Hence it was considered that, although a municipal corporation is in a sense and for many purposes a corporation, it was not to be presumed that the Legislature intended to include a municipal corporation within the scope of the statute. By chapter 175, p. 370, Laws 1905, the section was amended, and it now provides for collecting a judgment out of the salary or wages of the judgment debtor due him from any person or corporation, municipal or otherwise. Still, the statute does not meet the case here presented. The judgment debtor is a state officer, and the reasons against collecting a judgment out of the salary of a public officer apply with full force to him. Doubtless the Legislature can, by appropriate provision, extend this act to such an officer, but in our opinion it has not done so. The state is neither a person nor a corporation, as that term is ordinarily used, and is certainly not a municipal corporation. The same reasoning which led to the conclusion that the section, before 1905, did not apply to the salary of a municipal officer, would lead to the conclusion that it did not apply to the salary of a state officer, and the amendment of 1905 did not bring the salary of a state officer within the purview of the section.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion granted. All concur.