(72 Misc. Rep. 483.)

JONES v. NICOLL.

(City Court of New York, Special Term. June, 1911.)

1. EXEMPTIONS (§ 48*)—"WAGES"—"SALARY"—"EARNINGS."
    Compensation of a condemnation commissioner of New York, appointed by a justice of the Supreme Court, not paid at stated times or in stated amounts, but allowed in bulk by a justice of the Supreme Court, is not "wages," "salary," or "earnings," within Code Civ. Proc. § 1391, providing that, where wages, earnings, or salary are due to the amount of $12 or more per week, an order directing execution may issue, which shall

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

become a lien on such wages, the amount specified not exceeding 10 per cent. thereof, and shall be a continuing levy until the execution is paid.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 64–72; Dec. Dig. § 48.*

For other definitions, see Words and Phrases, vol. 3, pp. 2302–2304; vol. 8, p. 7646; vol. 7, pp. 6287–6291; vol. 8, pp. 7792, 7793; vol. 8, pp. 7369–7373, 7831.]

2. EXEMPTIONS (§ 48*)—"EARNINGS."

"Earnings" mean the reward of labor or the price of personal services performed. They mean the gains of a person derived from services or labor without the aid of capital. Earnings imply more than labor. One has relation to mental effort, and the other to physical endeavor.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 64–72; Dec. Dig. § 48.*

For other definitions, see Words and Phrases, vol. 3, pp. 2302–2304; vol. 8, p. 7646.]

Action by Sebastian C. Jones against Edward H. Nicoll. Judgment for plaintiff. Motion to set aside execution granted.

E. Mortimer Boyle, for the motion.
Joshua M. Fiero, Jr., opposed.
George H. Cowie, for City of New York.

GREEN, J. [1] This is a motion to vacate and set aside an order granted under section 1391 of the Code of Civil Procedure, directing the sheriff to make levy, and to continue the same until paid, of 10 per cent. of the "wages, salary or earnings" of the judgment debtor. The judgment debtor is entitled to receive, as appears by the affidavits presented, a sum in excess of $2,000 for services rendered as a condemnation commissioner, and said sum is now in the hands of the comptroller of the city of New York. When the statute was first enacted, it was held that the section in question did not apply to an employé of a municipal corporation. See Rosenstock v. New York, 101 App. Div. 9, 91 N. Y. Supp. 737. The statute was thereafter amended, and such employés were consequently included and deemed subject to the said section. The question then arose as to its applicability to a state officer, and it was held in the case of Osterhoudt v. Stade, 133 App. Div. 83, 117 N. Y. Supp. 809, that the statute did not so apply. An amendment to the statute was then effected by chapter 317 of the Laws of 1910, and officers of the state were then brought within the purview of the statute in question.

The judgment debtor was appointed to his office by a justice of the Supreme Court. He is required to take an oath of office, so that there is no doubt of the fact that he is a public officer. The point presented on the argument, that the debtor, being an employé of the state, is consequently not subject to the statute, must necessarily fall, in view of the amendment to the law referred to; but, whether an employé of the state or the municipality, the question to be decided is whether the money due the judgment debtor may be considered as "wages, salary or earnings," within section 1391 of the Code, and thus enable the judgment debtor to maintain the order for the continuing

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

levy. It must be conceded that the amount due the judgment debtor cannot be considered either as "wages or salary," and consequently the money due must be considered as "earnings."

[2] "Earnings" mean the reward of labor or the price of personal services performed. They mean the gains of a person derived from his services or labor without the aid of capital. "Earnings" imply more than labor. One has relation more particularly to mental effort, and the other to physical endeavor. These fees allowed by the court are certainly "earnings," and it remains to be determined whether such earnings are within the provisions of section 1391 of the Code. The section provides that:

"Where a judgment has been recovered * * * and where any wages, debts, earnings, salary * * * are due and owing to the judgment debtor * * * to the amount of twelve dollars or more per week * * * a judge or justice must grant an order directing that an execution issue against the wages, debts, earnings, salary, * * * and said execution shall become a lien and a continuing levy upon the wages, earnings, debts and salary * * * to the amount specified therein, which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution * * * and the expenses thereof are fully satisfied and paid."

I am of the opinion that this section only affects a case where earnings, wages, or salary are paid in stated amounts, at stated times, or where the method of computation is such that it is so paid, or may be so paid, at stated times in stated amounts. The money belonging to the judgment debtor is not paid at stated times, nor in stated amounts, but the allowance is fixed in bulk by a justice of the Supreme Court, and it is difficult to see how the earnings of the debtor "due or owing to him amount to twelve dollars a week," until the whole amount is earned and finally allowed by the court. Further, the language of the section, to wit, that "said execution shall become a lien and a continuing levy," convinces me that it is only when a stated amount is paid, and at stated times, that the section applies. How may a "continuing levy" be made upon this fund, without substantially transforming the order provided for in section 1391 of the Code into an execution for the entire sum? Assuming that the levy should stand for the first 10 per cent. of the amount, what is to become of the balance? May not the judgment debtor draw it after the first payment? Has he no right to the fund, or is it to remain to await the automatic action of the order and the levy, and remain until the execution is satisfied?

I do not believe the statute contemplates any such procedure, and I am of the opinion that this money does not fall within the meaning or intendment of the statute in question. My attention has been called to the cases of Finkelstein v. Finkelstein, N. Y. Law J. June 22, 1911, Cohalan, J., Hollender v. Friedenberg, 60 Misc. Rep. 566, 112 N. Y. Supp. 467, and Laird v. Carton, 196 N. Y. 169, 89 N. E. 822, 25 L. R. A. (N. S.) 189. But in all those cases the amounts to be paid were "wages, salary or earnings," which were definite, fixed, and stated, and were to be paid at stated times in stated amounts, or, as was said in one of the cases, could have been ascertained by computation or a method of bookkeeping.

I am not unmindful of the importance of this motion to the judgment creditor, and that his defeat may mean the loss of his money, by giving the judgment debtor an opportunity to withdraw the same; but he has his remedy by examination in supplementary proceedings and third party orders, and if, as stated in one part of the brief, the judgment debtor has defaulted in appearing upon the return of an order for his examination, and neglected to obey the order of this court, that is a matter to be submitted to the justice presiding when the motion to punish him for contempt comes on for hearing, and is not before me now.

For the reasons assigned, I am of the opinion that section 1391 does not cover the case at bar, and consequently the motion to vacate the order is granted, without costs.

Motion granted.