(91 Misc. Rep. 143)

### BREVOORT et al. v. TOWNSEND et al.

(Supreme Court, Special Term, New York County. June, 1915.)

1. PERPETUITIES ⬤⇒6—CONSTRUCTION OF WILL—RESTRAINT OF ALIENATION.
　　A will devising a life estate to testator's daughter, and after her decease remainder to her issue in equal shares, and if she leave no issue alternately in remainder to a niece and nephews, if they survive, is not invalid, as suspending power of alienation for more than two lives in being.

　　[Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 4–47, 49–53, 56; Dec. Dig. ⬤⇒6.]

2. WILLS ⬤⇒634—CONSTRUCTION—"ISSUE."
　　A will devising a life estate, with remainder to the life tenant's issue, and in case of want of issue a remainder to a niece and nephews, gave to the life tenant's issue a vested interest as tenants in common, sub-

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ject to being defeated by the child's death before the life tenant; "issue" including the life tenant's son and his children.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. ☞634.

For other definitions, see Words and Phrases, First and Second Series, Issue.]

**3. LIFE ESTATES ☞23—CONSTRUCTION.**

Under a will devising a life estate, with remainder to the issue of the life tenant, a conveyance by the life tenant and her son, whose death preceded that of the life tenant, conveyed the life tenant's interest merely, and not the estate in remainder.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 21, 42–45; Dec. Dig. ☞23.]

**4. LIFE ESTATES ☞23—PURCHASER FROM LIFE TENANT—TITLE ACQUIRED.**

The purchaser of a life estate holds in subordination, and not in hostility, to the title of the remaindermen, and he cannot purchase a tax lease on the property for his benefit, exclusive of that of the remaindermen.

[Ed. Note.—For other cases, see Life Estates, Cent. Dig. §§ 21, 42–45; Dec. Dig. ☞23.]

Suit by Carson Brevoort and others against Emma G. Townsend and others for an accounting. Judgment for plaintiffs.

De Witt V. D. Reiley, of New York City, for plaintiffs.

Delos McCurdy and Joline, Larkin & Rathbone, all of New York City, for defendants.

GUY, J. The action was brought for an accounting of rents collected under a tax lease of No. 161 Front street, purchased by defendants' testator in 1892, which tax lease expired January 12, 1915. Plaintiffs ask that the defendants and their testator be adjudged to have purchased and held said tax lease upon an implied trust for plaintiffs' benefit, and that an accounting by defendants be ordered of the rents and profits of No. 161 Front street during the term of the tax lease, and a receiver appointed to collect all further rents. The complaint does not ask judgment either for a reconveyance, sale, or partition of the property, nor does it ask that defendants be ejected or ousted therefrom, or for the determination of any question of title to the realty.

In 1847 one Lefferts, the then owner of the property, died leaving a will devising a life estate therein to his daughter, Elizabeth Dorothea, and devising, after her decease, the remainder to her "issue" in equal shares, and, in case she left no "issue," an alternative devise in remainder to a niece and nephews if they survived her. The life tenant died in 1895, leaving her surviving three grandchildren, the plaintiffs herein, but no children. The life tenant's only child, a son, who was the father of the plaintiffs, died in 1894, one year prior to the death of the life tenant. On June 3, 1892, with an only son and three grandchildren then living, the grandchildren being the plaintiffs in this action, who at that time were all minors, the life tenant and her only son (the son's wife joining in the conveyance) conveyed the property to defendants' testator in fee for the expressed con-

sideration of $5,000. Defendants' testator forthwith took possession thereunder and collected the rents until his death. On June 20, 1892, defendants' testator purchased for $2,500 a tax lease of the property for the term of 29 years from January 12, 1892, from the then holder thereof. Defendants' testator and his executrices have collected the rents ever since, amounting, it is claimed, to over $43,000.

There is no intimation of any alleged invalidity or illegality of the tax lease. There is no averment of any actual fraud, or the taking of any actual undue advantage, by defendants' testator; but it is claimed by plaintiffs that defendants' testator was a tenant in common with plaintiffs, or else was a mere assignee of the life tenant's life estate, and as such it is alleged that any right or title he might acquire under the tax lease inured to the remaindermen's benefit. After entering into possession, defendants' testator paid no taxes upon the property, and apparently contemplated strengthening his title by a further and later tax sale. Plaintiffs made no demand for an accounting or redemption until June, 1914.

[1] It is contended by defendants that the Lefferts will was invalid, as the power of alienation was suspended for more than two lives in being. There is no merit in this contention. The suspension was only during the life of the life tenant. Upon her death it vested immediately in the remaindermen.

[2] The word "issue," as used in this will, includes the son of the life tenant and his children, and the devise therein in remainder to the life tenant's issue upon and after her death gave to them a vested interest in the remainder as tenants in common, dependent upon the life estate. This interest, however, was subject to curtailment by the birth of other "issue," who would be entitled to share under the terms of this will in the remainder, and the interest of each was subject to the contingency that it might be wholly defeated by his or her death before the life tenant. Schmidt v. Jewett, 127 App. Div. 376, 389, 111 N. Y. Supp. 680, affirmed 195 N. Y. 486, 490, 492, 88 N. E. 1110, 133 Am. St. Rep. 815; Soper v. Brown, 136 N. Y. 244, 249, 251, 32 N. E. 768, 32 Am. St. Rep. 731; Drake v. Drake, 134 N. Y. 220, 224, 227, 32 N. E. 114, 17 L. R. A. 664; Campbell v. Stokes, 142 N. Y. 23, 29, 30, 36 N. E. 811; Jackson v. Littell, 56 N. Y. 111.

According to the rules laid down in the above cases, the son of the life tenant, who joined with the life tenant in the deed to defendants' testator, had a defeasible vested interest in the remainder with these plaintiffs, and his death in 1894 before that of the life tenant in 1895 divested him of his interest, and the plaintiffs herein having survived the life tenant, and being the only issue living at her death, the remainder vested in them at that time absolutely. Defendants' testator, therefore, acquired by the joint deed, so far as the life tenant's son and his wife are concerned, such interest only as the son had, viz., an interest subject to be divested, and which was subsequently divested, by his death before the life tenant. At the time of the deed to defendants' testator the life tenant's son, who was then

vested with only a defeasible right as a remainderman, had no right of present possession, and could have none until the death of the life tenant, and could not, therefore, at that time convey any right of present possession.

[3] The entry and possession by defendants' testator was therefore acquired from and as grantee of the life tenant under the joint deed, and this entry and possession is presumed to be in conformity to that title, viz., the life tenant conveyed the life estate which she owned, and defendants' testator took a commensurate possession, and that only. The conveyance by the life tenant, while in terms apparently inconsistent with the title of those in remainder, was in reality not so. She could convey a life estate; by her deed she did convey it. The grantee became the owner, and his possession under the deed was just what that instrument effectively conveyed. Both deed and possession were consistent with the rights of the remaindermen. Culver v. Rhodes, 87 N. Y. 348.

[4] Defendants' testator's possession was that of the life tenant, and his interests that of the life tenant and of one interested defeasibly, in common with others, in the remainder. As the purchaser of the life estate he held his title in subordination, and not in hostility, to the title of the remaindermen, and he could not, either as the successor of the life tenant, or even as a cotenant with the plaintiffs in the remainder, rightfully purchase the lease for his exclusive benefit. The lease purchased inured to the common benefit. Burhans v. Van Zandt, 7 N. Y. 523, 527; Clark v. Kirkland, 133 App. Div. 826, 118 N. Y. Supp. 315.

Plaintiffs should have an interlocutory decree that the purchase of the tax lease by defendants' testator inured to the common benefit, and directing an accounting to determine the amount due to defendants from plaintiffs as the pro rata share of the costs of the purchase of the tax lease, with interest from the life tenant's death until the expiration of the tax lease, January 12, 1915, and the amount due from the defendants to plaintiffs as the entire net rents of the premises until the expiration of the tax lease, with interest to the expiration thereof.

Judgment accordingly.