Allen C. Wood and Eugene A. Skilton, Respondents, *v.* Dock and Mill Company, Appellant.

Fourth Department, July 6, 1920.

Debtor and creditor — action to enforce garnishee execution against earnings of judgment debtor — execution may be enforced where debtor entitled to reasonable value of services rendered to corporation — implied contract to pay reasonable value of services — determination of value of services — execution enforced although amount of earnings indefinite — provision in order fixing time for payment — enforcement in action at law — burden of proof.

In an action by a judgment creditor against a corporation, as employer of the judgment debtor, to recover his earnings to the extent of ten per

cent thereof, alleged to have been secured under a lien of an execution issued pursuant to section 1391 of the Code of Civil Procedure, the defendant corporation claimed that it had no moneys in its hands representing the earnings of the judgment debtor. It appeared that the debtor incorporated his business, that practically all of the stock was issued to his wife, and that the debtor thereafter continued to manage the business of the corporation although he was not a stockholder or officer thereof, his contention being that his services to the corporation were gratuitous although it appeared that in consideration thereof additional stock had been issued to his wife. Evidence examined, and *held,* to sustain a finding that by implied contract the defendant corporation had agreed to pay the debtor the reasonable value of his services which amounted to a certain sum.

Under the Garnishee Act, so called, relating to execution against the earnings of a judgment debtor, a garnishee execution becomes a lien and a continuing levy upon the earnings due or to become due to a judgment debtor, if such earnings amount to twelve dollars or more per week, to the extent specified in such garnishee execution, which shall not exceed ten per cent of such earnings.

Such execution may issue against the earnings of a judgment debtor although he has no definite express contract with his employer as to the amount of his compensation if in fact he is entitled by implied contract to the reasonable value of his services and said value may be determined in an action to enforce such execution. Such determination should be made by the jury unless a jury trial is waived.

Where no time has been fixed for the payment of the reasonable value of services rendered it is presently payable.

The provision in the original order fixing the times for the payment of the ten per centum of the compensation of twelve dollars or more per week at the end of periods of six months was a reasonable determination.

An action to enforce such garnishee execution against the judgment debtor's earnings is not equitable in its nature.

The judgment creditor is under the burden of establishing that the employer owes to the judgment debtor earnings or salary to the amount of twelve dollars or more per week.

In an action to enforce such execution the plaintiff is not bound to establish that the judgment debtor earned a stated sum in order to enable the court to compute ten per cent thereof.

APPEAL by the defendant, Dock and Mill Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Niagara on the 26th day of April, 1919, upon the decision of the court rendered after a trial at the Niagara Trial Term, the jury having been dismissed after a motion by both parties for a directed verdict.

*S. Wallace Dempsey* [*Dempsey, Tuttle, Rice & Fogle,* attorneys], for the appellant.

*Fradk Gibbons* [*Gibbons & Pottle,* attorneys], for the respondents.

DE ANGELIS, J.:

The action was brought by the plaintiffs, judgment creditors, against the defendant, the alleged employer of the judgment debtor, to recover from the defendant the earnings of the judgment debtor to the extent of ten per centum thereof, alleged to have been secured under the lien of an execution issued pursuant to section 1391 of the Code of Civil Procedure, because of the failure of the defendant to pay the ten per cent of such earnings, amounting to twelve dollars or more per week, upon demand to the sheriff holding the execution. The defense was that the defendant neither at the time of the service of the execution upon it had, nor has it had at any time since, any moneys in its hands being or representing the earnings of the judgment debtor.

The facts are these: The defendant, Dock and Mill Company, is a domestic corporation organized in August, 1908, with a capital stock of $25,000 divided into 250 shares of $100 each. Later the capital stock was increased and at the time of the trial the capital stock was $100,000 divided into 1,000 shares of $100 each. Of this capital stock, 494 shares had been issued, all of which, except two shares, were owned by Sarah L. Smith, the wife of Mason M. Smith, the judgment debtor. Mason M. Smith never was a stockholder, director or officer of the corporation. He was, however, the manager of the corporation and the chief producing factor in its business from the time of its organization down to the time of the trial. The office and principal place of business of the corporation were at North Tonawanda in the county of Niagara and State of New York, and the business of the corporation was the operation of a planing mill and buying and selling lumber.

Prior to the organization of the corporation Mason M. Smith had been engaged in business and had failed and there were judgments against him including the judgment upon which this action is based.

On the 22d day of May, 1911, a judgment in the Supreme Court in favor of the plaintiffs and against Mason M. Smith, upon his confession, was entered and duly docketed in the office of the clerk of the county of Niagara.

An execution dated May 20, 1913, issued upon the judgment, was duly returned wholly unsatisfied. Thereafter and on the 5th day of September, 1913, an order was made for the examination of the judgment debtor before a referee in supplementary proceedings and he was examined thereunder on the 11th and 13th days of September, 1913.

On the 18th day of November, 1913, upon the application of the judgment creditors and the affidavit of one of their attorneys verified November 18, 1913, and upon the examination of the judgment debtor in the supplementary proceeding, an *ex parte* order was made by a justice of the Supreme Court for the issuance of an execution pursuant to section 1391 of the Code of Civil Procedure in these terms:

" Ordered, that an execution issue out of this Court for the collection of the amount of the said judgment unpaid and unsatisfied, to wit, the sum of $522.13, with interest thereon from the 22nd day of May, 1911, against the said wages, earnings, salary and profits of the said Mason M. Smith, the judgment debtor, and directing the Dock & Mill Company, from whom said wages, earnings, salary and profits are due and owing, and will hereafter become due and owing to said Mason M. Smith, the judgment debtor, to pay over to the sheriff of the County of Niagara the sum of $335.98 per year in installments of $167.99 at the end of each six months from the day of the date hereof from said wages, earnings, salary and profits now due and to become due on the dates aforesaid as the same shall become due, until said execution shall be wholly satisfied."

On the 18th day of November, 1913, the execution was issued pursuant to the order and the same was presented to the defendant on the 19th day of November, 1913. Although it seems to be a misnomer to call it an " execution " at all, for convenience it will be referred to herein as the " garnishee execution."

Thereafter and on the 29th day of May, 1914, an order was made by a Special Term of the Supreme Court of the

county of Erie, the justice who granted the last-mentioned order presiding, denying an application made by the judgment debtor to vacate the order for the issuance of the garnishee execution, which order was entered in the office of the clerk of the county of Niagara on the 23d day of June, 1914. That application was made upon the affidavits of the judgment debtor and of the treasurer of the Dock and Mill Company and was opposed upon the papers upon which the order for the issuance of the garnishee execution was made.

An appeal was taken from this order by the judgment debtor to this court and the order was affirmed. (*Wood* v. *Smith*, 164 App. Div. 922.)

The following memorandum was made by the learned justice presiding at the Erie Special Term in denying the application of the judgment debtor to set aside the execution issued and the order made upon which the execution was issued: " I see no affidavit here from Smith, the judgment debtor, to the effect that the Dock & Mill Company is not indebted to him for the reasonable value of his services or that such services are not worth the amount stated in the execution. He does not deny that his earnings are as stated. He did deny before the referee in supplementary proceedings, that the payments to him were voluntary."

This action was commenced on the 8th day of August, 1916, and by the concession of the parties the compensation to which the judgment debtor was entitled from the defendant, if he was entitled to any, is confined to that which was earned between November 18, 1913, the day upon which the garnishee execution was issued, and the 4th day of August, 1916, the date of the verification of the complaint.

(1) The trial court has found that Mason M. Smith, the judgment debtor, was in the employ of the defendant from the 18th day of November, 1913, the date of the issuance of the garnishee execution, to the 8th day of August, 1916, the date of the commencement of the action, under a contract implied by law by which the defendant obligated itself to pay him the fair and reasonable value of his services and that such value was at least the sum of $3,076.58 and the appellant asks us to hold that the evidence is insufficient to sustain the finding of the contract or the value of the services.

Called as a witness by the plaintiffs, Smith admitted that he had testified upon his examination in supplementary proceedings that his work had been a labor of love, thereby conveying the impression that he had worked for the defendant under an arrangement by which he was to receive nothing for his services, but that thereafter in the examination he had changed his testimony and had testified that he worked for a consideration. He also admitted that he testified in the examination in supplementary proceedings that the defendant paid for him or on his behalf about $3,000 during the entire year. From the evidence in this case it appears that Smith has been the general manager of the defendant and the chief producing factor in its business since its organization. Prior to the issuance of the garnishee execution, but after the issuance of the execution that was returned unsatisfied, Smith's wife received additional stock of the par value of $25,000, which stock, to the extent of $24,867, was shown by the books of the defendant to have been paid for by credits for services theretofore rendered by Mr. Smith. The defendant claims that these services were given by Smith to his wife, but there is no sufficient evidence to sustain that claim.

Mr. Smith, testifying upon the trial, to the following question propounded to him by the counsel for the plaintiffs, made the following answer: " Q. By whom are you employed? A. I am not employed by any one."

Upon cross-examination, to the following questions Mr. Smith made the following answers: " Q. Were you ever employed by the Dock & Mill Company? A. No, sir. * * * Q. Did the Dock & Mill Company ever agree to pay you any salary, wages or income? A. No, sir. * * * Q. I noticed that you testified that you didn't draw any stated sum each week and that you never have from the Dock & Mill Company, is that true down to the present time? A. Never drew any stated salary, any stated payments."

Mr. Smith did not testify upon the trial to any agreement between either the defendant and himself or his wife and himself. No express contract, written or verbal, between Mr. Smith and his wife or between Mr. Smith and the defend-

ant was shown upon the trial. Mrs. Smith was not a witness on the trial.

We think that the finding above referred to is sustained by the evidence.

(2) We are called upon to consider and apply the so-called Garnishee Act to the facts of this case. This act originated in chapter 461 of the Laws of 1903, being an amendment to section 1391 of the Code of Civil Procedure, which section was one of the provisions describing property exempt from levy and sale upon an execution. This act was amended by Laws of 1905, chapter 175; Laws of 1908, chapter 148; Laws of 1911, chapters 489 and 532, and Laws of 1914, chapter 352.* The provisions of the act, so far as applicable to the facts of this case, are as follows: "Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor, and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing, or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the wages, earnings, debts, salary, income from trust funds or profits, due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and

---

* Since amd. by Laws of 1919, chap. 278, and Laws of 1920, chap. 497. — [REP.

said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid or until modified as hereinafter provided, but only one execution against the wages, debts, earnings, salary, income from trust funds or profits of said judgment debtor shall be satisfied at one time and where more than one execution has been issued or shall be issued pursuant to the provisions of this section against the same judgment debtor, they shall be satisfied in the order of priority in which such executions are presented to the person or persons from whom such wages, debts, earnings, salary, income from trust funds or profits are due and owing. It shall be the duty of any person or corporation, municipal or otherwise, to whom said execution shall be presented, and who shall at such time be indebted to the judgment debtor named in such execution, or who shall become indebted to such judgment debtor in the future, and while said execution shall remain a lien upon said indebtedness to pay over to the officer presenting the same, such amount of such indebtedness as such execution shall prescribe until said execution shall be wholly satisfied and such payment shall be a bar to any action therefor by any such judgment debtor. If such person or corporation, municipal or otherwise, to whom said execution shall be presented shall fail, or refuse to pay over to said officer presenting said execution, the percentage of said indebtedness, he shall be liable to an action therefor by the judgment creditor named in such execution, and the amount so recovered by such judgment creditor shall be applied towards the payment of said execution. * * *."

Prior to the adoption of this legislation no lien could be acquired upon the future earnings of a judgment debtor either by the commencement of a judgment creditor's action or the institution of supplementary proceedings.

Prior to the adoption of this legislation the earnings of a judgment debtor for his personal services rendered within sixty days next before the institution of supplementary proceedings or the commencement of a creditor's suit could not be reached where it was made to appear by his oath or otherwise that those earnings were necessary for the use of a family wholly or partly supported by his labor. (Code Civ. Proc. §§ 1879, 2463.)

Under this new legislation a garnishee execution becomes a lien and a continuing levy upon the earnings due or to become due to a judgment debtor, if such earnings amount to twelve dollars or more per week, to the extent specified in such garnishee execution, which will not exceed ten per cent of such earnings.

(3) In his first point the counsel for the appellant argues that a claim for services in a case where the amount of the compensation therefor is not definitely determined in an express contract for the performance of such services cannot be the subject of a garnishee execution; that the claim in suit is such a claim, and that, therefore, this action cannot be maintained. With this contention we cannot agree. This action is one at law and we see no obstacle that stood in the way of the determination of the court that there was an implied contract to compensate the judgment debtor for his services, of the determination by the court of the value of such services, and of the determination by the court from those factors of the amount of the plaintiff's recovery. Such determinations would have been made by the jury except for the election of the parties to have them made by the court.

The garnishee execution became a lien not only upon the amount of compensation due to the judgment debtor at the time the execution was served upon the defendant but also upon his future earnings as they accrued from day to day. The implied contract found by the trial court necessarily left undetermined the amount of the compensation and when payable. The amount has now been determined. There having been no time fixed for the payment of the compensation, it was presently payable. The times for the payment of the ten per centum of the compensation of twelve dollars or more per week were fixed in the original order at the end of periods of six months and we think that the determination so made was a reasonable determination. It will be remembered that this garnishee statute applies to beneficiaries of trust funds, and it is well known that the income from such a fund varies from year to year and is usually paid semi-annually, sometimes quarterly. We see no reason why an employer may not carry out the provisions of the garnishee statute in a case like that at bar. Under the statute the garnishee order and

execution are subject to modification upon the application of either party, so that if conditions change from those existing when the order is made and the execution is issued, the same can be modified.

(4) His second point is based upon the supposition that the claim in suit is equitable in its nature. We think this claim is plainly unsound.

(5) In his third point the counsel for the appellant assumes that the judgment debtor was to be compensated by the defendant by the delivery to him of property, as distinguished from money, and that such a claim could not be subject to garnishment. No such contract has been found in this case.

(6) The appellant's fourth point is founded upon the theory that the plaintiffs' claim is one in equity. As already stated, we think there is no basis for this claim.

(7) In his fifth point the counsel for the appellant properly states that the burden was upon the plaintiffs to establish that the defendant owed the judgment debtor earnings or salary to the amount of twelve dollars or more per week from the 18th day of November, 1913, to the 4th day of August, 1916. As already indicated, we think that the plaintiffs successfully bore this burden.

(8) The appellant's sixth point is an amplification of its fifth point. The questions raised have already been discussed.

(9) In his seventh and eighth points the counsel for the appellant proceeds upon the theory that the trial court was bound by the bookkeeping of the defendant, that because there was an account kept by the defendant against " Mason M. Smith, as agent of the Dock & Mill Co.," the moneys paid out by the defendant as shown in that account were paid to itself.

(10) In his ninth point the counsel for the appellant proceeds upon the assumption that the judgment debtor made no charge to the defendant for his services but that his wife collected the value of his services when she got credit for $19,000 in payment for stock of the defendant. It is sufficient to say that the trial court was not bound by any such assumption.

(11) In his tenth and last point the counsel for the appellant claims that the plaintiffs were bound to establish that the

judgment debtor earned a stated sum in order to enable the court to compute ten per cent of it. The argument seems to be that the Garnishee Act only affects a case where earnings, wages or salary is paid in stated amounts, at stated times, or where the method of computation is such that the earnings, wages or salary is paid, or may be paid at stated times in stated amounts, by virtue of an express contract. In support of this position a dictum in *Jones* v. *Nicoll* (72 Misc. Rep. 483, 485) is cited. We do not think the position can be maintained as we have already indicated.

It follows from the foregoing that the judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed, with costs.