BENJAMIN FLAPAN, Judgment Creditor, v. JULIUS ROSENBLUM, Judgment Debtor.

County Court, Bronx County, November, 1922.

Execution — garnishee of wages — judgment debtor working without compensation — law implies contract to pay reasonable value of services.

From the examination in supplementary proceedings it appeared that the judgment debtor, without any express contract for compensation from seven A. M. to seven P. M. seven days a week, rendered services as a salesman, cook, cashier and general assistant in the bakery and restaurant of a corporation of which he was the secretary and treasurer, and that his wife was the owner of all but one share of the capital stock of the corporation, the other share being owned by the judgment debtor, who not only testified that he had not paid for it but that the only money received by him was given to him by his wife as spending money.  It also appeared that three other employees of the corporation working from nine A. M. to six P. M. received sixty-five dollars, fifty dollars and twenty dollars respectively a week as salary.  *Held*, that in the circumstances the law implied a contract to pay the judgment debtor the fair and reasonable value of his services, which the court fixes at sixty dollars per week. [1]

The judgment creditor granted an order directing that execution issue against ten per cent of the implied earnings of the judgment debtor for as many weeks as will satisfy the judgment against him.

APPLICATION to garnishee wages.

*Jacob Gitelman*, for plaintiff.

*Alexander Bloch*, for the New Model Bakery, Inc.

GIBBS, J.  This is an application for an order directing that execution issue against the earnings of the judgment debtor. Judgment creditor recovered judgment against judgment debtor March 6, 1922, for $250.15.  Execution was issued against his

40

property and returned unsatisfied. Thereafter he was examined in proceedings supplementary to execution.

The record discloses that the judgment debtor has been in the employ of the New Model Bakery, Inc., as treasurer, buyer, salesman, clerk and general assistant for a period of three years; that he has received no compensation for his services; that Sarah Rosenblum, wife of the judgment debtor, owns all but one share of the capital stock of this corporation, the other share being owned by the judgment debtor, who testified that he has not paid therefor; that the only moneys received by him are those sums given him by his wife as spending money.

The New Model Bakery, Inc., was examined as a witness in this proceeding through Julius Rosenblum, the judgment debtor, as its secretary and treasurer, and from his examination it appears that he is employed by the said corporation from seven A. M. to seven P. M. seven days a week; that he has never been paid any compensation for his services and that his duties consist of those of a salesman, assistant cook, cashier and general assistant in the bakery and restaurant owned by the corporation. It also appears that the corporation employs three other men who receive salaries of sixty-five dollars, fifty dollars and twenty dollars per week, respectively, the last named being a helper. These employees work from nine A. M. to six P. M.

Judgment creditor in his moving papers alleges that the services performed by the judgment debtor in behalf of the New Model Bakery, Inc., are reasonably worth sixty dollars per week and that execution should issue against ten per cent of said sum of money for a period commencing with the employment of judgment debtor by this corporation and continuing until said judgment is satisfied. The judgment creditor contends that this court has power to direct that execution issue against the wages due and to become due the judgment debtor.

There is no expressed contract of employment between the judgment debtor and the New Model Bakery, Inc. It is settled, however, that such a contract may be implied.

The conclusion I reach from the examination of the record is that Julius Rosenblum, the judgment debtor, was in the employ of the New Model Bakery, Inc., for a period of three years prior to June 1, 1922, and that under a contract implied by law the New Model Bakery, Inc., obligated itself to pay him the fair and reasonable value of his services. It appearing that this corporation employs one individual at sixty-five dollars a week and another at fifty dollars, the value of the services rendered by the judgment debtor as salesman, cashier, assistant cook and general assistant

are reasonably worth the amount set forth in the affidavit of the judgment creditor, to wit, sixty dollars per week.

In the case of *Wood* v. *Smith*, 164 App. Div. 922, an order directing that execution issue against the wages due and to become due the judgment debtor, from a corporation, the issued capital stock of which was owned, with the exception of two shares, by the wife of the judgment debtor, was affirmed. The judgment debtor in said case never had been a stockholder, director or officer of the corporation, but acted in the capacity of manager and chief producing factor in the business without compensation.

In *Wood* v. *Dock & Mill Co.*, 193 App. Div. 236, the same judgment creditor as in the case of *Wood* v. *Smith, supra,* instituted suit against the corporation to recover ten per cent of the implied earnings of the judgment debtor, and it was held that a finding that the defendant corporation by implied contract had agreed to pay the judgment debtor the reasonable value of services which amounted to a certain sum, should be sustained and that the execution issued against such earnings was proper, and that judgment creditor was entitled to a judgment against the said corporation to the amount collectible under said execution.

So in the proceeding at bar I find that the judgment creditor is entitled to have execution issued against ten per cent of the implied earnings of the judgment debtor, to wit, the sum of six dollars per week, for the past three years or for as many weeks as will satisfy the judgment.

Settle order on notice.

Ordered accordingly.