BENJAMIN FLAPAN, Judgment Creditor, Respondent, *v.* JULIUS ROSENBLUM, Judgment Debtor, Defendant.

NEW MODEL BAKERY, INC., Garnishee, Appellant.

First Department, April 6, 1923.

Executions — garnishee execution — employer cannot appeal from order directing issuance of execution — proper remedy under Civil Practice Act, § 684, subd. 3, is to appeal from judgment in action brought against employer by creditor.

The employer of a judgment debtor cannot appeal from an order of the County Court directing that a garnishee execution issue against the employer.

The proper remedy for an employer is to appeal from a judgment against him, entered in any action brought by the judgment creditor against the employer pursuant to the provisions of subdivision 3 of section 684 of the Civil Practice Act.

APPEAL by the New Model Bakery, Inc., from an order of the County Court of the county of Bronx, entered in the office of the clerk of said county on the 11th day of December, 1922, directing the issuance of an execution against the implied earnings of the judgment debtor as an employee of the appellant.

*Alexander Bloch,* for the appellant.

*Jacob Gitelman,* for the respondent.

FINCH, J.:

On March 6, 1922, the judgment creditor recovered a judgment against the judgment debtor for the sum of two hundred and fifty dollars and fifteen cents. Thereafter the judgment debtor was examined in supplementary proceedings, and among other things testified that he had been employed by the New Model Bakery, Inc., for the past three years, and during that time had not received any compensation from said company; that the New Model Bakery, Inc., was owned and controlled by his wife, to whom the services of the judgment debtor were gratuitously rendered, the said wife supplying the judgment debtor with spending money and bearing all the household expenses of the family. It further appeared that the New Model Bakery, Inc., employed three men, at salaries of sixty-five dollars, fifty dollars and twenty dollars weekly, respectively. The New Model Bakery, Inc., was served with notice of motion for the order appealed from and filed an affidavit denying the employment, the alleged value of the services of the judgment debtor, and that there was any indebtedness on its part to the judgment debtor.

Upon the foregoing, the County Court made an order directing " that an execution issue  *  *  *  against the wages, implied earnings and fair and reasonable value of services rendered by the  *  *  *  judgment debtor to the New Model Bakery, Inc., now due and owing to him and which shall hereafter become due and owing to him  *  *  *  to an amount which shall not exceed ten per centum thereof, to wit, Six Dollars per week for the past three years, or for as many weeks as will satisfy the judgment  *  *  *."

This appeal is taken by the New Model Bakery, Inc. Said New Model Bakery, Inc., has no right to appeal from this order. As the statute which gives the right of garnishment (Civ. Prac. Act, § 684) prescribes the remedy of an aggrieved employer, such remedy is exclusive. (*Keve* v. *Columbia Kid Hair Curlers Mfg. Co.,* 161 App. Div. 918.) Said section 684, subdivision 3, of the Civil Practice Act provides the method whereby an adjudication may be had of any issues of fact in the event the employer denies the existence of an

indebtedness to the judgment debtor or desires to put in issue the extent thereof, namely, that upon the refusal of the employer to pay, the judgment creditor may institute an action to recover the amount. The remedy of the employer is to appeal from the judgment entered in any action brought upon the order as aforesaid. This is the procedure that uniformly has been followed. (*Wood* v. *Dock & Mill Co.*, 193 App. Div. 236; *Smith* v. *Endicott-Johnson Corporation*, 199 id. 194; *Keve* v. *Columbia Kid Hair Curlers Mfg. Co.*, *supra*.)

It follows that the appeal should be dismissed, with ten dollars costs and disbursements to respondent.

DOWLING, PAGE, MERRELL and McAVOY, JJ., concur.

Appeal dismissed, with ten dollars costs and disbursements to respondent.