SOPHIE DIAMOND, Plaintiff, *v.* SCHULTE BAKERS, INC., Defendant.

City Court of New York, Bronx County, March —, 1930.

*Sidney R. Diamond* [*Louis L. Tetelman* of counsel], for the plaintiff.

*Arthur B. Kelly,* for the defendant.

EVANS, J.   This is an action brought under subdivision 3 of section 684, of the Civil Practice Act to recover from the employer of a judgment debtor the amount of the judgment, because the defendant employer did not honor an execution against the wages of the judgment debtor.

After an examination in supplementary proceedings, the judgment creditor discovered that Simon Schulte, the judgment debtor, was the president of the defendant corporation and was working for it, without any remuneration for his services.   The creditor thereafter moved for an order directing execution against the wages, earnings and income of the debtor, and in addition thereto *to fix the*

*reasonable salary* of the debtor. Notice was given to the employer. The court, at Special Term, after hearing the creditor, debtor and employer, on affidavits, summarily fixed the *reasonable salary* of the debtor at seventy-five dollars a week and ordered an execution against the salary of the debtor on that basis. An appeal *by the debtor* resulted in an affirmance of the order. I do not think that the Special Term order affected the rights of the defendant.

I can find no authority in the Special Term to summarily fix the reasonable salary of a judgment debtor, so as to be binding on the employer in this kind of action. There is nothing in section 684 of the Civil Practice Act that implies such authority. In fact, subdivision 3 thereof directly negatives any such implication. If defendant is entitled to a jury trial (as Civ. Prac. Act, § 684, subd. 3, clearly implies), as to its liability to plaintiff, the reasonable value of the debtor's services is the entire crux and basis of the liability. If that can be summarily fixed by the Special Term, without a jury, then there could have been no purpose in subdivision 3 of section 684 of the Civil Practice Act. The authorities sustain this view. Judge GIBBS, in the Bronx County Court, ordered a garnishment of wages, under similar circumstances, and for the purposes of the execution, fixed the wages at sixty dollars a week. (*Flapan* v. *Rosenblum*, 119 Misc. 625.) The employer appealed from the order. The appellate court refused to entertain the appeal, on the ground that the employer, under the statute, had no concern with the order or execution of garnishment, until a judgment was obtained against him under subdivision 3 of section 684 of the Civil Practice Act. (*Flapan* v. *Rosenblum*, 205 App. Div. 76.) The notion to be gathered from the appeal in the *Flapan* case is that the fixation of a reasonable salary by the Special Term is merely intended to fix the rights as between the judgment debtor and his creditor, and has no effect whatever in defining the rights of the employer; and that, as to the employer, the question of his liability is to be left for the trial provided by subdivision 3 of section 684 of the Civil Practice Act. The fact that defendant was made a party to the motion at Special Term, which summarily determined the reasonable value of the debtor's service, does not seem to lend authority to the order of fixation, so far as the defendant is concerned, in the case at bar. That was precisely the situation in the *Flapan Case* (205 App. Div. 76). The practice to be followed in these cases is laid down in *Wood* v. *Dock & Mill Co.* (193 App. Div. 236). In the *Wood* case the court, speaking of the determination, upon a trial, under section 684, subdivision 3, of the reasonable value of a debtor's services, after an execution pursuant to an order had already fixed a specific amount as the value

of his services, said: " Such determinations would have been made by the jury except for the election of the parties to have them made by the court."

At bar, both parties, as in the *Wood* case, by moving for a directed verdict, have elected to have the questions of fact determined by the court.

The plaintiff proved that the debtor was president of the defendant corporation from the time of its incorporation on November 10, 1926, and was observed to be still in its employ between the months of March and October, inclusive, in the year 1927, and was still in its employ on May 6 and 20, 1929, and that the debtor received no salary except ten dollars a week, " spending money," whatever that may be. He was employed as a baker, waited upon trade and was president of the corporation. Upon this evidence both sides rested, and each desired the direction of a verdict. It will be observed that the evidence adduced fairly leads to the inference of continuous employment of the debtor by defendant. Except for ten dollars a week " spending money," the judgment debtor has not been paid anything for his services for three years and three months. I find, from the evidence presented upon the trial, and independently of the Special Term order, that seventy-five dollars a week, as fixed by the justice at Special Term, is a fair and reasonable salary for the services performed. Deducting the sum of ten dollars paid weekly before the execution was served (July 5, 1929), left the sum of over twelve thousand dollars still due the judgment debtor for salary. There have been accruals since the date when the execution was served upon the defendant. It is unnecessary to compute these, however, since the amount involved is less than ten per cent of the accrued salary on the day of the service of the garnishment execution upon defendant.

Plaintiff may have judgment for $1,082.35, with interest from July 5, 1929, and costs.