META PFEIFFER, Plaintiff, *v.* PALACE MARKET, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, Seventh District, February 19, 1931.

*Herbert Kaufman,* for the plaintiff.

*Hyman H. Hammer,* for the defendant.

LEWIS, DAVID C., J. In December, 1929, this plaintiff secured judgment against Michael Mendelson for the sum of sixty-nine dollars and forty cents. As such judgment creditor she followed the usual course, and in due time (to wit, February 13, 1930) an order was issued out of this court directing an execution against the earnings of the said Michael Mendelson " due or to become due from the Palace Market, Inc., to an amount which shall not exceed ten per centum thereof." This garnishee execution was placed with the marshal, and on the 5th day of March, 1930, served by him on this defendant. Pursuant thereto this defendant deducted two dollars and seventy cents, which it remitted to the marshal. No other payments have been received by the marshal; and no other sums have been retained by the defendant out of the earnings of the said Michael Mendelson. The plaintiff seeks to hold this defendant on the grounds that the said Michael Mendelson continued in the employ of the defendant, earned in excess of twelve dollars a week, and that the defendant has failed to properly recognize the garnishee execution.

Prior to the rendition of the original judgment, the said Michael Mendelson was in the employ of this defendant, *earning* and *receiving* thirty-five dollars per week.

After the entry of the judgment the defendant (according to its claim) discontinued paying Michael Mendelson thirty-five dollars a week and from then on Michael Mendelson received only ten dollars a week. There is some testimony that after the plaintiff sought to enforce her judgment the said Michael Mendelson was not required by the defendant to work every day of the week; he was permitted some outside peddling. But the testimony offered on this phase is indefinite, or, to say the least, far from convincing.

The remedy provided by section 684 of the Civil Practice Act in aid of the collection of judgments was designed for a purpose which the court is reluctant to defeat.

Hence where one pretends to donate *all* his services to an employer, the law nevertheless will invoke the implied right of the employee to compensation, and impress the lien of a garnishee execution upon the earnings which such employee should receive. (*Wood* v. *Dock & Mill Co.,* 193 App. Div. 236.)

If a judgment debtor cannot defeat the law by gratuitously contributing *all* his services to his employer, should the court

permit the accomplishment of the same object by sanctioning the gift of a part of his services to his employer?

Let the employee receive what he earns to pay what he owes. Thus justice can best be served and the ends of the law attained.

In a case like that present, the plaintiff is constrained to a great extent to worm his proof from the defendant. The defense suffers no such handicap. The defendant knew its liability prescribed by the law; and if it is to enjoy immunity its record should be both clean and convincing.

This defendant is a close corporation, a family affair, owned by Maurice Mendelson (a brother of the said Michael Mendelson) and his wife.

The close kinship between Michael Mendelson and the stockholders of the defendant; their former business relationship; the lack of distinct and definite proof of the particulars of the alleged new hiring (excepting only as to the alleged ten dollars weekly pay); the absence of an accurate record of the dates or hours of labor on which such compensation can rest, causes me to look with suspicion on the pretended new hiring.

Before the plaintiff sought the collection of this judgment the services of Michael Mendelson, then in the employ of this defendant, were valued at thirty-five dollars per week; he earned and received that pay from this defendant.

After this plaintiff started on the road to the enforcement and prospective collection of her judgment, Michael Mendelson may have only received ten dollars a week from this defendant for his services but I believe he earned more. Why should he and his judgment creditor not receive it?

The defendant had a right to discontinue the services of Michael Mendelson, had it seen fit, and thus release itself of all claim or liability. This it did not do.

Counsel for the defendant refers to a holding that as a condition precedent to the maintenance of this action there must be proof that there is no other garnishee unsatisfied and outstanding. The law as it now reads expressly provides that if there is more than one such execution outstanding, they shall be satisfied in the order in which they have been issued (Civ. Prac. Act. § 684).

Judgment for the plaintiff. Five days' stay.