FRANCIS H. LEGGETT & COMPANY, Judgment Creditor, *v.* MEYER FELDMAN, Judgment Debtor.

City Court of New York, Kings County, January 10, 1934.

*Arnold J. Hermann,* for the judgment creditor.

*Joseph Hittner,* for the judgment debtor.

FENNELLY, J. This is a motion made by the judgment creditor to have the court fix the amount of the salary the judgment debtor receives or should receive from his employer, Meyer Feldman & Sons, Inc., a corporation, and directing that the judgment creditor

have execution issue pursuant to section 684 of the Civil Practice Act against such implied earnings.

The question is a vexatious one, and of frequent recurrence in this court, in which most proceedings in supplementary proceedings are conducted. The judges differ as to the right of the court to grant these applications.

In *Flapan* v. *Rosenblum* (119 Misc. 625) the court held it had the right to fix the salary of the judgment debtor, upon a record that showed the debtor was an officer of and worked for a corporation controlled by his wife.

The testimony was that he received no compensation for his services. The theory upon which this was done was that where services were performed by a judgment debtor for an employer, there was an implied obligation upon the part of the employer to pay the debtor employee the reasonable value of his services. One of the cases cited by the learned court to support his view was *Wood* v. *Dock & Mill Company* (193 App. Div. 236 [Fourth Depart.]). This was an appeal from a judgment in favor of a plaintiff (judgment creditor) against a corporate employer for ten per cent of the earnings of the debtor employee during a certain period. That case actually held that the burden was upon the plaintiff to establish that the defendant employer owed the judgment debtor employee earnings or salary to the amount of twelve dollars or more per week during the period, and that plaintiff had successfully borne the burden. The record, however, showed that while the debtor had testified at one time that his work had been a labor of love, at another he admitted that defendant employer paid him or on his behalf about $3,000 during the entire year.

Upon this motion before me, which presents a typical case, the judgment debtor testified that he is employed as a clerk in a grocery store on Rutland road, Brooklyn, at a salary of ten dollars per week; that he is in the store about three times a week from six until ten-thirty in the morning, and that his wife and son also work in the store. The store is owned by Meyer Feldman & Sons, Inc., of which he is president. He owns no stock, but his wife has two shares and one Abraham Bershatsky has ninety-eight shares. The suggestion is made in an affidavit annexed to the moving papers that from the whole record the inference should be drawn that the debtor works in the store all day. It is set forth that the reasonable value of such services in a store of this kind is forty dollars per week, and I am asked to imply that is the amount he is receiving, and to fix it as his salary so that a garnishee execution may issue against it.

An implied contract is valid only upon the same principles as an express contract; there must be a meeting of the minds, a mutual

assent. In the latter there are definite stipulations of assent; in the former the assent is implied as the reasonable deduction from all the circumstances surrounding the matter and the relations of the parties.

" The law will not imply a contract contrary to the intention of the parties." (*Collyer* v. *Collyer*, 113 N. Y. 442.)

The testimony forming part of these motion papers shows an express contract. What right has the court to set this at naught, and imply a different contract, upon a record from which no assent can be spelled, in order to enable a creditor to collect on a garnishee execution?

Has the court the right to usurp the function of the board of directors of this corporation and fix a greater salary because the court's judgment is that the employee's services are reasonably worth more?

These applications frequently arise when an individual is the employer, the wife employing her husband. He testifies he works for nothing; she agrees. In the face of this record, how can the court imply a contract to pay him the reasonable value of his services?

Has not an individual a constitutional right to make a gift of his services? And to whom is it more natural that he should make such a gift than to his wife?

It is undoubtedly true that in a considerable number of instances in which a judgment debtor works for a corporation controlled by his family or friends, or for his wife, for a salary less than the amount that would be subject to garnishee, that it is a device to escape the payment of an honest debt. There should be some method of dealing with this situation.

I recognize the hazard of making a suggestion as to a remedy without having it first go through the laboratory of thorough discussion and analysis. It seems to me, however, that by legislation a presumption could be established that an employee receives the reasonable value paid for like service. The court would then have the right to fix the salary of the employee judgment debtor, unless of the opinion that the record presented overcame that presumption.

This motion is denied.