METROPOLITAN LIFE INSURANCE COMPANY, Judgment Creditor, *v.* DAVID ZAROFF, Judgment Debtor.

City Court of New York, Bronx County, November 18, 1935.

*Walter J. Ryan*, for the judgment creditor.

*David Zaroff*, judgment debtor, in person.

EVANS, J. This is an application to compel a judgment debtor to pay a portion of his salary, on account of the judgment, under section 793 of the Civil Practice Act. The compulsion must be initiated by an order of the court. If the order is disobeyed, punishment will follow. The punishment may result in a jail sentence.

The debtor earns a salary of forty dollars a week. There is no prior garnishee that acts as an obstacle to the creditor. It may, therefore, proceed, under the provisions of section 684 of the Civil Practice Act, and be the first one to levy on the salary.

Under these circumstances, may the Special Term entertain the application, and would it be sound discretion, on its part, to make an order, under section 793 of the Civil Practice Act?

If the Specia Term must grant the application without the exercise of its discretion, then law judgments may be enforced *in personam*, imprisonment may be the punishment for failure to pay a debt, and executions against the salary, income or wages will become unnecessary, where the judgment debtor earns a salary or has an income.

I do not think section 793 may be so read. Before making an order thereunder, the Special Term must take three things into consideration: (1) " the reasonable requirements of the judgment debtor and his family; " (2) " any payments required to be made by the judgment debtor to other creditors under the aforesaid sections six hundred and eighty-four and six hundred and eighty-five; " and (3) under a " prior order of a court hereunder."

Obviously the mere fact that consideration must be given to these matters gives rise to the belief that the intention of the legislation is to apply to those cases where such circumstances are to be found. Furthermore, the intention of the statute may fairly be interpreted by considerating the evils it was aimed at. The statute was designed to cure two kinds of evil practices. The first evil it was designed to remedy was to prevent a judgment debtor from taking advantage of false obstacles to a levy against wages, such as illegitimate prior garnishees, and to compel those who earned a substantial salary to pay other creditors than the first ones who filed garnishee orders, if it was fairly within their ability so to do. The second evil it was aimed at was to give the judg-

ment creditor speedier relief against those debtors who, by the subterfuge of working for relatives, concealed their real income or wages. The old practice (*Diamond* v. *Schulte Bakers, Inc.*, 136 Misc. 195) in most instances was too dilatory and cumbersome to be of much help to a judgment creditor against a fraudulent judgment debtor.

I am, therefore, of the opinion that section 793 should not be resorted to where there is no obstacle to the collection of a judgment by virtue of the processes of section 684 of the Civil Practice Act, and where that provision offers a reasonable chance of collecting the judgment.

Even equity, which may act *in personam*, hesitates to do so, where the processes of execution, against property, may be availed of to satisfy the judgment.

Judgments and orders *in personam* are the last resort and should be used only in cases where the ordinary law processes are useless. So long as a means is provided of reaching the income of the debtor, the drastic provisions of the order, the' punishment for contempt for violation of the order, and the jail sentence should be held in abeyance.

Such, I believe to be the intention of section 793 of the Civil Practice Act, and such should be the manner of its administration, according to the discretion vested, by that section, in the Special Term.

The motion is, therefore, denied.