JOHN RICHARDS, Appellant, v. CENTRAL IOWA FUEL COMPANY, Appellee.

**MASTER AND SERVANT:** Workmen's Compensation Act—Compensation—Computation—Known and Unknown Annual Earnings. Formulae under Sections 2477-m9, Pars. a and i, and 2477-m15, Pars. a, c, and f, Code Supp., 1913, for determining the compensation of a servant who has received a disability "total in character and permanent in quality," are:

1. When the employment or business is carried on during all the working days of the year, and the actual annual earnings of the servant are *unknown* (because, for instance, the servant has worked for the same employer and in the same employment for *less* than a year preceding the injury), the formula is:

Average daily earnings × 300 ÷ 52×50% = compensation per week.

2. When the employment or business is carried on during all the working days of the year, and the actual annual earnings of the servant are *known* (because, for instance, the servant has worked for the same employer and in the same employment for a full year preceding the injury), the formula is:

*Actual* known annual earnings ÷ 52 × 50% = compensation per week.

3. When the employment or business is one which, as a matter of fact, or custom, is only carried on for a part of the working days of a year, and the actual annual earnings are *unknown* (because, for instance, the servant has worked for the same employer and in the same employment for *less* than a year preceding the injury), the formula is:

Average daily earnings × the number of days during which the employment or business is carried on during the year (in no case less than 200) ÷ 52 × 50% = compensation per week.

4. When the employment or business is one which, as a matter of fact, or custom, is only carried on for part of the working days of a year, and the actual annual earnings are *known* (because, for instance, the servant has worked for the same employer and in the same employment for a full year preceding the injury), the formula is:

Actual known annual earnings ÷ the number of days actually worked by the servant during the year × the number of days during which the employment or business was carried on during the year ÷ 52 × 50% = compensation per week.

MASTER AND SERVANT: Workmen's Compensation Act—Compensation—Deduction of Non-Wage Items. Sums given by the master to the servant and denominated "wages," but which, in fact, are repaid to the master for materials advanced to the servant by the master, in order to enable the servant to accomplish the object of his employment, are not *"earnings,"* and should be deducted from the servant's annual receipts, preliminary to computing compensation for injuries. So held in the case of a miner, as to charges for blacksmithing and powder. (Sec. 2477-m15, Par. g, Code Supp., 1913.)

WEAVER, J., dissents generally.

*Appeal from Lucas District Court.*—C. W. VERMILION, Judge.

APRIL 2, 1918.

REHEARING DENIED DECEMBER 14, 1918.

THERE is involved a construction of so much of the so-called Compensation Act as deals with the basis for computing compensation. —*Affirmed.*

*John T. Clarkson,* for appellant.

*Stipp, Perry, Bannister & Starzinger,* for appellee.

SALINGER, J.—I. The range of the arguments presents much which, upon analysis, is found to be not disputed, or which, if disputed, should not be. One subdivision of a division of one section of the Code provides

1. MASTER AND SERVANT: Workmen's Compensation Act: compensation: computation: known and unknown annual earnings.

that this appellant is entitled to be paid one half "of the average weekly wages received at the time of the injury." If that one subdivision of the statute stands alone, the trial court was right in ascertaining the amount of said average wages by dividing what appellant had earned during the year preceding his injury by 52. The case of *In Re King,* 1 Ohio Ind. Com. Bul. 37 (No. 7, 1913) so holds, and we will assume as much for *Anslow v. Cannock Chase Colliery Co.,* (1909) A. C.

435 (78 L. J. K. B. (N. S.) 679, 100 L. T. 786), and for
*White v. Wiseman,* (1912) 3 K. B. 352. But there is no
dispute as to what shall be done if said statute provision
stands alone. The disagreement is as to whether it does
stand alone. Appellee insists that it does; appellant, that
other statutes prescribe how the average weekly wages
specified in the one statute shall be ascertained. It must
be conceded that, if other statutes do so prescribe, they
control, no matter what should be done if ascertaining of
said average weekly wages were not controlled by statute.
The first question to be determined, then, is what the whole
of the statute law is.

It is Paragraph i of Section 2477-m9, Code Supplement,
1913, which provides said average weekly wages compensa-
tion. Paragraph a of the same section declares that:

"The compensation provided for in this act shall be
paid in accordance with the schedule unless otherwise pro-
vided."

It is contended that this, in terms, suggests there
may be statute provisions other than Paragraph i to be
considered. It is responded that "unless otherwise pro-
vided" refers only to payment in accordance "with the
schedule;" that, therefore, no proviso is relevant unless
found in Section 2477-m9, which is the only one that con-
tains a schedule; that Section 2477-m9 has no proviso;
and that Paragraph i may not be modified by any statute
provision some six sections later in number than 2477-m9.

To begin with, Paragraph a does not say, "unless oth-
erwise provided in the section containing the schedule," but
that the compensation provided for in this act shall be paid
in accordance with the schedule "unless otherwise provid-
ed:" that is, payment shall be made in accordance with the
schedule, unless any law otherwise provides. Clearly, then,
the investigation is not ended because the section which
contains the schedule makes no provision for payment ex-

cept in accordance with the schedule. And all statutes *in pari materia* must be examined, to ascertain whether any compensation provided for in the act is to be paid otherwise than in accordance with the schedule. This conclusion is reinforced by the fact that Paragraph i, part of the schedule, is silent on how average weekly wages shall be ascertained, and leaves room for direction on how ascertainment shall be made; wherefore, if any other statute undertakes to say how such average weekly wages shall be ascertained, such statute must be considered. So the inquiry becomes, whether there is any other statute which deals with ascertaining "the average weekly wages received." Paragraph a of Section 2477-m15, which, in terms, deals with the "schedule of computation," provides that the basis for computing compensation shall be computing "on the basis of the annual earnings which the injured person received * * * in the employment of the same employer during the year next preceding the injury." Paragraph c of the same section is that:

"The annual earnings, if not otherwise determinable, shall be regarded as 300 times the average daily earnings in such computation."

Leave out of present consideration the words, "if not otherwise determinable," and the statute as a whole prescribes clearly that the compensation shall be half of the average weekly wages received; that, to ascertain what these average weekly earnings are, there shall first be found the annual earnings during the year next preceding the injury; and that these annual earnings shall be arbitrarily treated to be 300 times the average daily earnings. In other words, "average weekly earnings" are, as matter of statute, the fifty-second part of 300 times the average daily earnings for the year preceding. Appellant concedes this is so if 2477-m15 is applicable, and did not contain the phrase, "if not

otherwise determinable." And the question is, What shall
be done with that phrase?

### 1-a

The appellee insists the phrase means that the actual
annual earnings furnish the sum that is to be divided by 52,
unless it cannot be ascertained what the annual earnings in
fact were. The position of the appellant is that the phrase
means that the annual earnings shall be regarded as 300
times the average daily earnings, unless the statute "deter-
mines" otherwise. The construction by the appellant does
not fail because the statute nowhere otherwise determines
compensation than by regarding annual earnings as 300
times the average daily earnings. The act has a number of
sections, and, as will be seen later, the appellee invokes one
of them, which does provide a basis of computation other
than 300 times the average daily earnings. On the other
hand, if the construction of the appellee is to prevail, we
must hold, in effect, that the provision that annual earn-
ings shall be regarded as 300 times the average daily earn-
ings has nothing to operate upon. For if annual earnings
shall be regarded as 300 times the average daily earnings
only where the annual earnings for the year preceding can-
not be ascertained, then the legislature has provided a stand-
ard for a contingency which it must have known could
never occur. One can scarcely conceive a case where the
annual earnings from the same employer for the year pre-
ceding the injury may not be exactly ascertained. Thus,
appellee asks us to hold, in effect, that the legislature pre-
scribed a method of computation which was to be used only
where that is not ascertainable which it knew could always
be ascertained. True, appellee points out that, out of abun-
dance of caution, pleaders sometimes make a general denial,
and then add specific denials. No doubt they do; but that
does not change the rule for dealing with statutes, which is
that the courts shall not strain the enactment into an utter

absurdity, and that, instead, they shall aim to give every word enacted, force and effect, if that may, in reason, be done. We may observe these rules of interpretation here, without a strain upon reason. That may be done by holding, as we do, that the legislature knew annual earnings from the same employer for the year next preceding the injury were always determinable; that it directed some computations to be made on a basis other than treating annual earnings as 300 times the average daily earnings; and that, knowing that annual earnings were always ascertainable, and that different standards of computation were provided for, the intention was that 300 times the average daily earnings should be treated as the annual earnings unless the statute provided a different basis for determining annual or other earnings. True, this will work that, in some instances, the annual earnings made the basis will be greater than the actual annual earnings. But it is not contended, and may not well be, that the legislature could not validly adopt the standard of computation contended for here by either of the parties. We shall devote no further attention to the question of reasonableness, beyond saying that, were unreasonableness material, it is far from clear there is any unreasonableness. The legislature allows but half of the statute annual earnings where more than $5.00 a week was earned, and, even in permanent disability, limits this half compensation to 400 weeks after injury. The legislature may have made it possible that a larger sum is treated as annual earnings than has, in fact, been earned, because it may well have thought this was justified, on account of the cutting of the wages in two, and the limitation of the period for which allowance can be made.

II. Having settled that Section 2477-m15 must be taken into consideration in construing Subdivision i of Section 2477-m9, the question remains whether other statutes

must be considered in applying 2477-m15. Paragraph f of 2477-m15 provides:

"As to employes in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number shall be used instead of three hundred as a basis for computing the annual earnings."

If, then, such a custom obtains as to the employment of the appellant, ascertainment must be made under Section 2477-m15 (f). The parties stipulated that the records in the office of the state mine inspector show the average number of days mines were operated in the territory involved is 220 days. It is recited in the findings of the arbitration board and of the industrial commissioner that there was also an oral agreement on the hearing that what these records in the office of the state mine inspector show was the fact. Whatever, then, may be the rule where there is no such proof or oral agreement, in the case before us the computation must be worked out by creating a dividend out of multiplying the average daily earnings by 220, instead of by 300. We do not think that this conclusion is avoided by the argument of appellant that the statute last referred to deals only with seasonable employment, such as canning; and that, although coal is hoisted out of a mine for only 220 days in a year, it is operated for more days than that, because there is always someone at work in a mine. The business of the mine is to send coal to the surface for transportation and sale. If, according to custom, such operation is conducted for less than 300 days in the year, operation is still limited by custom to the lesser number of days, even though, on all the days of the year, there is, say, a caretaker in the mine. We conclude that, up to this point, the computation in this case is to be made by multiplying the average daily earnings for the year preceding the injury by 220, and then dividing by 104.

III.   It appears that the employer furnished the appellant powder and blacksmithing for the special purposes of the employment, under an agreement that these advances should be repaid out of the wages.   The appellee contends that in no event should the multiplier be more than 220, and that, before multiplying, there should be deducted the amount of such advances.   Primarily, such an agreement for advancement and reimbursement is perfectly lawful.   But whether it is so in arriving at a basis of computation under the Compensation Act depends, or may depend, upon the provisions of that act.   Now, Section 8 of the act prohibits any contract, rule, regulation, or device whatsoever that shall operate to relieve the employer, in whole or in part, from any liability created by the act.   It is manifest that such an arrangement as to such advances might well be made to effect what is thus forbidden;   and, if this provision stood alone, we should be constrained to hold that these advancements may not be deducted, for the purposes of this computation.   It may be conceded that the act would be more effective if this particular provision did stand alone; but it does not.   Section 2477-m15 (g) provides that, for the purposes of this very computation, "earnings shall not include any sum which the employer has been accustomed to pay the employe to cover any special expense entailed on him by the nature of the employment."   It is in evidence that, in the agreement with the miners, these advances were taken into consideration in fixing wages.   In other words, the employer has customarily made a payment to the employe to cover the special expense of powder and blacksmithing, which is entailed upon the miner by the nature of his employment. Whatever, then, we may think of the wisdom of this statute, we must enforce it.   We therefore hold that the advance-

2. MASTER AND SERVANT: Workmen's Compensation Act: compensation: deduction of non-wage items.

ments made for said purposes cannot be considered as earnings.

Our conclusion is that, in such case as the one before us, the half of the average weekly wages should be determined as follows: Deduct from the gross earnings for the year preceding the injury, the amount expended for powder and blacksmithing; divide this sum by a number equal to the number of days worked by the miner in that year; multiply the result by 220, and divide by 104.

The allowance made by the trial court is somewhat larger than the sum that will be so found. But appellant may not complain that the allowance is too large, and appellee has not complained. Therefore, the judgment below is—*Affirmed*.

PRESTON, C. J., LADD, EVANS, GAYNOR, and STEVENS, JJ., concur.

WEAVER, J., dissents.