EDITH ZENNI, Appellee, v. SOUTH DES MOINES COAL COMPANY et al., Appellants.

**MASTER AND SERVANT:** Workmen's Compensation Act—300-Day Rule (?) or 52-Week Rule (?)   The formula, under the Workmen's Compensation Act, for computing compensation for fatal injury to an employee who had been in the service of the employer for a full year or more, but had, during the year next preceding the injury, worked *less* than a year, is:

   Total wages received during said year ÷ number of days worked during said year ×300÷52×60%= awardable compensation.

*Appeal from Polk District Court.*—JOSEPH E. MEYER, Judge.

APRIL 6, 1921.

ACTION brought under the Workmen's Compensation Law by Edith Zenni, plaintiff, surviving spouse of Charles Zenni, deceased, asking an award on account of injury sustained by Charles Zenni, resulting in his death, while in the employ of the defendant South Des Moines Coal Company.—*Affirmed.*

*Sargent, Gamble & Read,* for appellants.

*Clarkson & Huebner,* for appellee.

ARTHUR, J.—Charles Zenni was a coal miner, and worked for defendant South Des Moines Coal Company for more than a year preceding August 13, 1919. On that date he sustained an injury in the course of his employment, resulting in his death. During the year next preceding the injury, he worked 229 days, and received in compensation therefor $1,006.33.

The question presented to us for determination involves the construction of the Iowa Workmen's Compensation Law, with reference to the method of computing compensation. Appellee, Edith Zenni, insists that the 300-day rule is the correct method by which to determine the amount of compensation to which she is entitled. This rule is that the $1,006.33, the earnings received by Charles Zenni during the year next preceding his injury, should be divided by 229, the number of days Zenni worked during the year next preceding his injury, thus finding his average daily wage, which wage shall be multiplied by 300, thereby determining the statutory annual earnings, and this, when divided by 52, determines the average weekly wage, of which claimant is entitled to 60 per cent, not exceeding $15 per week.

It is contended by appellant that, for the purpose of determining the compensation to which claimant is entitled, the amount of earnings received during the year next preceding the injury, namely, $1,006.33, should be divided by 52, which fixes the average weekly wage, of which claimant would be entitled to 60 per cent thereof, not exceeding $15 per week.

By stipulation, parties waived a board of arbitration, and submitted the controversy direct to the Iowa industrial commissioner. The commissioner, Hon. A. B. Funk, adopted the rule or method of computation contended for by the defendants; and,

by dividing the earnings of Charles Zenni for the year next preceding the injury and consequent death, which were $1,006.33, by 52, claimant was awarded $11.61 as weekly compensation for the statutory period of 300 weeks.

Appeal was taken from the award of the commissioner to the Polk County district court, and the case there heard. The court adopted the rule of computation urged by the .claimant, called the 300-day rule, and entered a decree awarding claimant $15 per week for a period of 300 weeks, from which decree this appeal was taken.

The method of computation followed by the district court is the rule adopted and announced in *Richards v. Central Iowa F. Co.*, 184 Iowa 1378. In the *Richards* case, we decided that the 300-day rule now contended for by claimant, appellee, applies to such cases as the one before us.

The claims of the parties hinge upon the meaning of the phrase ''unless otherwise determinable,'' found in Subdivision c, Section 2477-m15, Supplement to the Code, 1913, reading:

''The annual earnings, *if not otherwise determinable*, shall be regarded as three hundred times the average daily earnings in such computation.''

The position of claimant, that the phrase ''if not otherwise determinable'' means that, if not otherwise determinable by other rules contained in Section 2477-m15, the 300-day rule must be used to compute compensation to be paid under the law, has complete support in the *Richards* case. This case must be ruled by the *Richards* case. The arguments of counsel are able, and cover the whole question of methods of computation. Counsel for appellants recognize the opinion in the *Richards* case to be a barrier in their pathway which they cannot go around, but must destroy. They attack it in able fashion, but without avail. The decision in the *Richards* case must be adhered to, because it is sound. So think the majority of this court.

The writer thinks the rule adopted in the *Richards* case is erroneous, and that the method of computation contended for by appellant in the instant case is the correct rule, under the statute. However, the writer would now adhere to the rule of the *Richards* case, because it was announced about three years ago, and positions have been taken, in insurance and other im-

portant matters, with reference to it, and it should not now be disturbed.

For the reasons above stated, the decision of the court below is—*Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.