E. J. O'CALLAHAN, Appellee, v. JAMES H. DERMEDY et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Statute
1 Construed. Statute discussed, relative to the nonliability of a master for the willful act of a third person directed against an employee "for reasons personal to such employee" or "because of his *employment.*"

MASTER AND SERVANT: Workmen's Compensation Act—Finding of
2, 3, Fact. Findings by the industrial commissioner, on supporting testimony, as to disputed questions of fact, are conclusive on the
6, 7 courts.

MASTER AND SERVANT: Workmen's Compensation Act—Ex-Parte
4 Affidavits. Ex-parte affidavits may be received on hearings before

the industrial commissioner under the Workmen's Compensation Act, but the affiants should be produced for cross-examination *when demanded by the party against whom they are offered.*

**MASTER AND SERVANT:** **Workmen's Compensation Act**—"**Board and Lodging**" **as Wages.** In the computation of compensation for an injured employee, allowance may be made for "board and lodging" furnished the employee as a part of his regular wages.

*Appeal from Muscatine District Court.*—D. V. JACKSON and WILLIAM THEOPHILUS, Judges.

DECEMBER 11, 1923.

REHEARING DENIED MARCH 14, 1924.

APPEAL from an order by the district court affirming the finding and order of the industrial commissioner in a Workmen's Compensation case.—*Affirmed.*

*Ray J. Mills* and *Sampson & Dillon,* for appellants.

*E. F. Richman,* for appellee.

FAVILLE, J.—The appellee was employed as a night clerk at the Grand Hotel in the city of Muscatine. The employment covered a period from September 1, 1919, to January 2, 1921. The appellee was engaged in his duties from six o'clock P. M. until six o'clock A. M. every day, and was charged with the usual and ordinary duties of a clerk in a hotel. He is a man fifty-six years of age.

Upon the day in question, it appears that, shortly after appellee entered upon his usual work, two or three men who were guests in the hotel complained to appellee of loud talk and noise that had been made on an upper floor in the hotel. Shortly thereafter, one Moorehead, a registered guest at the hotel, and two companions came down the stairway and left the hotel. They returned about 11:45 P. M. They were noisy and somewhat boisterous. Moorehead asked appellee for the key to his room, and the evidence tends to show that appellee asked Moorehead how many people would be in his room that evening, to

which Moorehead replied, with an oath, that it was none of appellee's business. Appellee told Moorehead that he could not take anyone up to his room with him. Moorehead and his party then started up the stairway, and appellee attempted to intercept them at a landing on the stairs. An altercation took place, the result of which was that Moorehead struck the appellee a blow in the left eye, destroying it.

An application for arbitration was duly filed with the industrial commissioner, and a hearing was had before an arbitration committee, which made an award in behalf of appellee. Thereupon, a petition for review was filed, and the matter came on for hearing before the industrial commissioner, who modified the award of the arbitration committee as to the amount that should be allowed appellee, and otherwise affirmed the same. Thereafter, an appeal was taken in the district court of Muscatine County, where, upon hearing, the order of the industrial commissioner was affirmed. From the decree of the district court this appeal is prosecuted.

I. The first question for our determination is whether or not appellee is entitled to any compensation under the statute. Even though it should be held that the injury occurred in the course of the employment of appellee, and that it arose out of such employment, appellants still contend that there should be no award in this case, because of the provisions of Subsection f of Section 2477-m16 of the Code Supplement of 1913, which is as follows:

1. MASTER AND SERVANT: Workmen's Compensation Act: statute construed.

"The words 'injury' and 'personal injury' shall not include injury caused by the willful act of a third person directed against an employee for reasons personal to such employee or because of his employment."

If there is a similar provision in the Workmen's Compensation Statute of any other state, it has not been called to our attention by counsel.

We are compelled to construe this language and to determine, if possible, the legislative intent as therein expressed. At first blush, this section of the statute does not appear to scintillate with lucidity. The legislature evidently intended to place a limitation upon the right of recovery, even though the injury

grew out of and was received in the course of the employment. What do these clauses of the statute mean? What kind of a case are they intended to cover?

The first clause excludes recovery where the injury is caused by the "willful act of a third person directed against an employee for reasons personal to such employee." This clause was evidently intended to cover a case where the injury was caused by the willful act of a third person directed against the employee solely because of personal reasons that attached to the employee, that would not be applicable to some other person in the same situation. To illustrate, if the injury resulted from the willful act of a third person directed against the employee, solely because of some spite or grudge or ill will that such third person harbored against the employee personally, then the employer would not be liable. To put it more concretely, if the injury to the appellee was the result of a willful act on the part of Moorehead, directed against O'Callahan because of reasons personal to O'Callahan, as distinguished from some other individual, then there could be no recovery. But, on the other hand, if the injury was caused by the willful act of Moorehead directed against the appellee, not by reason of any desire to injure O'Callahan because he was the particular person, O'Callahan, but as he would have injured any other person, then there could be recovery.

There might be a willful intent to injure, without the instigation of the act by reasons personal to the particular individual injured. One might willfully injure a pedestrian on the street, without any purpose to do so because he was a particular person; and he might willfully injure the same individual for reasons personal to the injured party, and solely because he was that particular individual. The line of demarcation is not always easily discernible nor readily ascertained. The legislature evidently intended to make a distinction, and the one made is not altogether chimerical.

Turning now to the other clause of the statute, it is provided that, if the injury to appellee resulted from the willful act of a third person because of the *employment* in which appellee was engaged, there can be no recovery. A familiar illustration will help here. Assuming that a man is employed as

a so-called "strike breaker," and is injured by the willful act of a third party, directed against him solely because of his *employment as a strike breaker,* then there could be no recovery against the employer, under this provision of the statute. The willful act is *because of the employment;* not because of the employee.

The arbitration committee, the industrial commissioner, and the district court all found that, under the evidence, the injury to appellee did not result from a willful act by a third person because of reasons personal to the employee, nor did it result from a willful act by a third person because of appellee's employment. Just what was said and done at the time of the transaction is a matter of dispute in the evidence. The findings of the industrial commissioner have support in the evidence, and are binding upon us as to fact questions, under such circumstances.

2. MASTER AND SERVANT: Workmen's Compensation Act: finding of fact.

The statute must be liberally construed. We cannot reverse on this record, because of the finding that the injury was not caused by the willful act of a third person directed against the employee for reasons personal to such employee, or because of his employment.

II. Appellants claim that recovery should be denied in this case because of Section 2477-m1, Code Supplement, 1913, which provides that:

"No compensation under this act shall be allowed for an injury caused: (a) By the employee's willful intention to injure himself or to willfully injure another."

3. MASTER AND SERVANT: Workmen's Compensation Act: finding of fact.

It is the contention of appellants that the injury to appellee was caused by reason of his intention to willfully injure Moorehead, and that because thereof there can be no recovery.

Again appellants are met by the finding of the industrial commissioner and of the lower court in this regard. The evidence was in conflict as to just how the altercation took place, and whether the injury could be said to be the result of an intention on the part of the employee to "willfully injure" another. The finding of the court that it was not so caused has ample support in the evidence, and must be sustained.

III. Upon the hearing before the arbitration committee, the

appellee offered in evidence two affidavits by parties who were present in the lobby of the hotel, and witnessed the transaction which resulted in the injury to appellee. Preliminary to the offer of these affidavits, counsel for appellee testified as follows:

4. MASTER AND SERVANT: Workmen's Compensation Act: ex parte affidavits.

"I am offering the affidavits of Albert Thompson and Charles D. Kane, who were present at the time of the altercation. I had an arrangement with a representative of the company to submit the case on an agreed statement of facts, except as to certain matters, one of which exceptions was the fact that O'Callahan had provoked the controversy with Moorehead by calling him a son-of-a——, and before Moorehead had struck him. Under these circumstances, I took these affidavits. These witnesses are now absent from Muscatine. No agreement or stipulation has ever been signed by the insurance company."

It was further made to appear that the affidavits had been submitted to appellants for examination, during negotiations about an agreement to submit the case on an agreed state of facts.

Objections were interposed to the admission of the affidavits in evidence. The chairman of the arbitration committee ruled that they might be received in evidence "for what they are worth." The industrial commissioner held that they were properly admissible in evidence, and overruled the objections thereto.

Section 15 of Chapter 270 of the Acts of the Thirty-seventh General Assembly provides:

"While sitting as an arbitration committee, or when conducting a hearing upon review, or in the making of any investigation or inquiry, neither the commissioner nor the arbitration committee shall be bound by common law or statutory rules of evidence, or by technical or formal rules of procedure, but may hold such arbitrations or conduct such hearings and make such investigations and inquiries in the manner best suited to ascertain the substantial rights of the parties."

Affidavits are recognized as proper for certain purposes. They are available in this state as evidence in proceedings in contempt for violations of liquor injunctions, in hearings upon applications for the appointment of receivers, in support of ap-

plications for a change of venue or for a continuance, in matters pertaining to the conduct of a jury, and in many other instances. See *Geyer v. Douglass*, 85 Iowa 93. Affidavits are provided for in the chapter on "General Principles of Evidence" in the Code (Title XXIII, Ch. 1).

Under the Workmen's Compensation Act, the industrial commissioner is not bound by common-law or statutory rules of evidence. He therefore has a legal right to consider affidavits, in a proper case and under proper restrictions. The evident purpose of the legislature was to relax somewhat the rules of evidence, and to make these proceedings more informal than an ordinary action at law. *Mitchell v. Phillips Mining Co.*, 181 Iowa 600.

We have held that, in an exceptional and unusual case, it was not reversible error for the industrial commissioner to receive and consider an affidavit in evidence. *Reid v. Automatic Elec. Washer Co.*, 189 Iowa 964. This does not mean, however, that these cases should be tried wholly on affidavits.

The statute provides for taking the depositions of witnesses in such cases. Code Supplement, 1913, Section 2477-m24, as amended by Chapter 409, Acts of the Thirty-seventh General Assembly. See, also, *Root v. Shadboldt & Middleton*, 195 Iowa 1225.

The law evidently contemplates that the witnesses shall be produced and testify at the hearing, or that their depositions shall be taken. The right to cross-examination should not be denied where it is demanded. It is often the surest instrumentality for the discernment of truth. Under this law, the admission of affidavits in any particular case because of exceptional and unusual conditions must, of necessity, rest largely in the discretion of the arbitration committee and the industrial commissioner.

Code Section 4678 is as follows:

"The court or officer to whom any affidavit is presented as a basis for some action, in relation to which any discretion is lodged with such court or officer, may require the witness to be brought before it or him and submit to a cross-examination by the opposite party."

Under this section, the commissioner should always require

that an affiant shall be produced for cross-examination, where a demand therefor is made by the party against whom the affidavit is offered.

In the instant case, the affidavits had been submitted to appellants before the trial, and they were familiar with their contents. No demand or request was made that the affiants be produced for cross-examination. The matters contained in the affidavits were relevant and pertinent to the inquiry.

Limiting our decision to the facts of this particular case, we hold that the commissioner did not abuse the discretion which the statute has reposed in him in regard to this matter, and that we should not reverse because of the admission of the affidavits in evidence, upon the showing in this case.

IV. It is contended that the industrial commissioner erred in allowing $40 per month for room and board, as part of the annual earnings of the appellee.

The evidence shows that, at the time of the injury, appellee was receiving $50 per month in cash, and room and board at the hotel. The arbitration committee allowed compensation on the basis of monthly earnings of $100, made up of $50 cash and $50 for room and board. The industrial commissioner reduced the allowance for room and board to $40 per month. Appellants contend that there can be no compensation based on an allowance for room and board as "wages," under our statute.

5. MASTER AND SERVANT: Workmen's Compensation Act: "board and lodging" as wages.

The statutes of some of the states expressly provide that the term "wages" shall not include board, lodging, or similar advantages, unless the money value of such advantages shall have been fixed between the parties at the time of the hiring. Such provisions appear to be in effect in the states of Delaware, Nebraska, Maryland, and Pennsylvania. There is no such provision, however, in our statute. Its provisions are (Code Supplement, 1913, Section 2477-m15, Paragraph a):

"The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings in the employment of the same employer during the year next preceding the injury."

Said section also provides (Paragraph g):

"The earnings shall not include any sum which the em-

ployer has been accustomed to pay the employee to cover any special expense entailed on him by the nature of the employment.''

The argument of appellants is that, under these provisions of our statute, the employee can recover only the amount that is paid him in cash as wages, and not any ''earnings'' that may be represented by board, lodging, or otherwise.

We think appellants' contention would too narrowly limit the provisions of our statute. The statute does not prescribe that the basis of computation shall be the ''cash wages'' of the employee. It is to be the annual earnings which the injured party received ''as salary, wages, or earnings.'' In *Mitchell v. Chicago, R. I. & P. R. Co.,* 138 Iowa 283, we said:

''The word 'earnings' means the fruit or reward of labor—the price of services performed.''

See, also, *Pryor v. Metropolitan St. R. Co.,* 85 Mo. App. 367, 371; *Goodhart v. Pennsylvania R. Co.,* 177 Pa. 1 (35 Atl. 191).

In *Burns v. Maurer,* 72 Misc. Rep. 481 (131 N. Y. Supp. 344), it was held that, where an employee in a hotel received as compensation $45 and his board, the board was part of his earnings.

The word ''earnings'' has been held to mean the reward of labor or the price of personal service performed. *Jones v. Nicoll,* 72 Misc. Rep. 483 (131 N. Y. Supp. 341).

Earnings are defined as the gains of a person, derived from his services or labor, without the aid of capital. See *Brown v. Hebard,* 20 Wis. 344; *Campfield v. Lang,* 25 Fed. 128, 131; *Dayton v. Walsh,* 47 Wis. 113; 3 Words & Phrases 2302.

The Workmen's Compensation Act, providing that compensation shall be computed on the basis of the annual earnings of the employee, ''as salary, wages, or earnings,'' is sufficiently broad and comprehensive to include board and lodging that are furnished to the employee under the contract of hiring, as a part of the compensation. The clause in Section 2477-m15 (g), Code Supplement, 1913, that the earnings shall not include a sum which the employer has been accustomed to pay the employee to cover any special expenses entailed on him by the nature of the employment, is not a limitation upon the earnings

of an employee who regularly receives board and lodging as a part of the compensation for his services.

We therefore hold, at this point, that the commissioner did not err in computing the annual earnings of the appellee to include, not only the cash payment made per month, but also the board and lodging which were a part of the compensation of the employee for the service rendered.

V. In this connection, appellants urge that, if the board and lodging can be taken into consideration as part of the earnings, in the award of compensation, it can only be predicated upon the cash value of the board and lodging so furnished; and it is argued that there is no sufficient evidence in the record of the cash value of the board and lodging furnished to the employee to support the finding.

6. MASTER AND SERVANT: Workmen's Compensation Act: finding of fact.

Appellants are correct in the contention that, as a basis for the computation of the earnings of the employee where board and lodging are an item of the earnings, this item should be computed on the basis of the cash value of such board and lodging so furnished. In the instant case, it will be observed that the commissioner reduced the award of the arbitration committee on this item. There was evidence in the record tending to support the finding of the commissioner in this matter. We cannot reverse where the finding of fact has such support.

VI. It is urged that error was made in the manner of computing the compensation to be awarded.

The amount of compensation under the statute should be fixed under the rules laid down by this court in *Richards v. Central Iowa Fuel Co.*, 184 Iowa 1378, and *Zenni v. South Des Moines Coal Co.*, 191 Iowa 381. The computation as made does not appear to comply with the rule for computation as laid down in said cases construing the statute. The cause will be reversed, with instructions to the district court to compute the compensation under the rule laid down in the cited cases and in harmony with the other provisions of this opinion. The question of error of the industrial commissioner in making the computation, while included in the general objections made by appellant, does not appear to have been specifically urged upon the trial court. We remand for a readjustment of this compensation as a matter of

sufferance, rather than of absolute right on the part of appellant, under the record as made. The compensation to be awarded becomes a mere mathematical computation under the rules laid down in this opinion and in the cited cases.

The order for remand for the purpose of ascertaining and entering judgment for the correct amount will be without taxation of any part of the costs of this appeal to the appellee.

VII.   Appellants argue that, under the evidence in the record, appellee should have been denied any relief.

Briefly stated, it is appellants' contention that what happened between the parties was merely a fight, during which both the appellee and Moorehead became insulting and abusive, and exchanged blows, and that appellee stepped entirely outside his character as night clerk of the hotel, and personally attacked Moorehead, and brought on the altercation.

7. MASTER AND SERVANT: Workmen's Compensation Act: finding of fact.

There is a decided conflict in the evidence as to what took place at the time. Moorehead and his party give a version of the transaction favorable to appellants' contention, while the testimony of appellee and of bystanders in the hotel sustains appellee's contention.

We are cited to numerous authorities to the effect that, where an employee steps entirely outside the line of his employment, and for purposes of his own engages in a fight or altercation, and is injured, the employer was not liable under the Workmen's Compensation Act.

Such may be conceded to be the law. But the record in this case gives support to the conclusion of the industrial commissioner that the appellee was within the line of his employment at the time of the injury. Upon this proposition it must be conceded that the fact question is a close one, but where the finding of the industrial commissioner has support in the evidence, we cannot retry the fact questions involved. The recent case of *Martin v. Chase*, 194 Iowa 407, involved a situation in many respects similar to the instant case.

We find no error in the record requiring a reversal of the judgment of the trial court affirming the order of the industrial

commissioner. Appellee's motions submitted with the case are overruled.—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.