ENDICOTT JOHNSON CORPORATION, Appellant, v. MORRIS SHAPIRO et al., Appellees.

**SALES: Rescission—Fraud-induced Sales.** Principle reaffirmed that
1 a fraud-induced sale of goods may be rescinded by the seller and the goods recovered. (See Book of Anno.; Vol. 1, Sec. 10002, Anno. 42 *et seq.*)

**EVIDENCE: Reporter's Transcript—Separate Actions.** The reporter's
2 transcript of the testimony of a witness in bankruptcy proceedings before the commissioner in bankruptcy is not admissible as a deposition in a subsequent replevin action against the witness by one of his creditors.

**WITNESSES: Impeachment.** A party may not impeach his own wit-
3 ness. (See Book of Anno., Vol. 1, Sec. 11255, Anno. 21.)

**EVIDENCE: Opinion Evidence—Mathematical Computation.** A wit-
4 ness may be permitted to make a mathematical computation or summary of detail record evidence.

Headnote 1:  35 Cyc. pp. 130, 508.  Headnote 2:  22 C. J. p. 431. Headnote 3:  40 Cyc. p. 2559.  Headnote 4:  40 Cyc. p. 2417.

*Appeal from Woodbury District Court.*—C. C. HAMILTON,
Judge.

OCTOBER 27, 1925.

ACTION for the recovery of specific personal property. Trial
to the court. Judgment in favor of defendant against plaintiff
and the sureties on the replevin bond. Plaintiff appeals.—
*Affirmed.*

*Maennel & Gunnell,* for appellant.

*C. M. Walter,* for appellee.

STEVENS, J.—I.   This is an action for the recovery of spe-
cific personal property, to wit, a quantity of shoes purchased by
Morris Shapiro, doing business at Sioux City, Iowa, under the
name and style of the Chicago Shoe Store, by appellant, a New
York corporation, engaged in the manufacture and sale of shoes
and other leather goods at wholesale. Appellant alleged in its
petition that the shoes were obtained by certain false and fraud-
ulent representations by Shapiro as to his financial condition.
A jury was waived, and the cause tried to the court, with the
result that judgment was entered against the plaintiff on his
bond for the value of the shoes.

The exceptions relied upon by appellant for reversal are to
the finding of the court upon the merits and errors alleged in
the admission and exclusion of testimony.

The law is well settled that, where the buyer makes a false
financial statement to induce the sale of goods, and the seller
relies thereon and makes the sale, he may rescind the contract
and recover the goods. *Cox Shoe Co. v. Adams,*
105 Iowa 402; *Morris & Lewis v. Posner,* 111
Iowa 335.

1. SALES: rescis-
sion: fraud-
induced sales.

Substantially the only evidence offered by appellant and
admitted by the court to prove fraud was the alleged financial
statement, which was in writing, and the voluntary petition and
schedules later filed in the bankruptcy court by Shapiro. The
financial statement is dated February 1, 1921, and the petition

in bankruptcy was filed June 21, 1921, which was shortly after this action was commenced.  There is some conflict in the representations contained in the financial statement and the schedule of liabilities attached to the petition in the bankruptcy proceedings; but the showing is not conclusive, and, as the finding of the court upon the facts must be given the same weight as the verdict of a jury, it will not be disturbed on appeal, where the conclusion is fairly supported by the evidence.  We have reviewed the record, and are not disposed to interfere with the finding of the trial court on the merits.

II.   The trustee in bankruptcy was substituted as defendant before the trial.  The deposition of Shapiro taken on appellant's behalf was offered and read in evidence by appellant.

2. EVIDENCE: reporter's transcript: separate actions.  The answer of the witness to practically every question propounded to him was that he did not remember.  Shapiro was also previously examined on behalf of certain creditors in the proceedings before the commissioner in bankruptcy.  Appellant, at the time of taking his deposition, sought to show, by reference to the testimony of Shapiro before the commissioner, that he had testified to certain matters inconsistent with the representations contained in the financial statement.  To each of the questions thus propounded to the witness, he answered that he did not remember.  Appellant then offered what we assume was a transcript of the evidence of Shapiro taken before the commissioner, for the purpose of showing that he testified in that proceeding as indicated by the questions propounded in the deposition.  This testimony was excluded upon the ground that it was not admissible as a deposition, and that appellant could not offer it for the purpose of impeaching his own witness.  Appellant now contends that it was admissible under Section 245-a, 1913 Supplement to the Code (Section 11353, Code of 1924), which provides:

"That the original shorthand notes of the evidence or any part thereof heretofore or hereafter taken upon the trial of any cause or proceeding, in any court of record of this state, by the shorthand reporter of such court, or any transcript thereof, duly certified by such reporter, when material and competent, shall be admissible in evidence on any retrial of the case or proceeding in which the same were taken, and for purposes of impeach-

ment in any case, and shall have the same force and effect as a deposition, subject to the same objections so far as applicable. * * *''

It is clear that the evidence was not admissible under this statute, for the reason that it was not a transcript of testimony taken upon a prior trial of the same cause, nor was it permissible for appellant to use it for impeaching purposes. The rule is well settled in this state that a party calling a witness is not bound by his testimony, nor is he precluded from offering the testimony of other witnesses in contradiction thereof; but he cannot offer evidence to impeach such witness. *Artz v. Chicago, R. I. & P. R. Co.*, 44 Iowa 284; *Humble v. Shoemaker*, 70 Iowa 223; *First Nat. Bank v. Way*, 167 Iowa 426; 2 Wigmore on Evidence (2d Ed.), Sections 896–918.

3. WITNESSES: impeachment.

Such would have been the effect, if any, of the testimony offered. Whether the alleged statements of the bankrupt in his former testimony were admissible as declarations of the witness against the trustee in bankruptcy, we have no occasion to decide. It is true that the statute uses the words ''impeachment in any case,'' but there is nothing therein to indicate an intention on the part of the legislature to alter the rule prohibiting a party from impeaching his own witness. The evidence was properly excluded.

III. The trustee in bankruptcy was permitted to make a computation of the value of the shoes, as shown by the schedule attached to the writ of replevin. Appellant complains of the admission of this testimony, upon the ground that it did not tend to prove the value of the shoes, and that the competency of the witness to testify on this point was not shown. The witness was not asked as to the value of the shoes. The values set out in the schedule attached to the writ, as we understand the record,—which is not very clear on this point,—corresponded exactly with the values alleged by appellant in its petition. It was not error for the court to permit the witness to make the computation.

4. EVIDENCE: opinion evidence: mathematical computation.

All other matters argued by counsel for appellant are fully

covered by what we have already said. The judgment below is—*Affirmed*.

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.