Daisy Clingingsmith, Appellee, v. Jackson Dairy Company et al., Appellants.

STATUTES: Time of Taking Effect—Acts of Special Session. Acts of
1   a special session of the general assembly, in the absence of any con-
trary direction therein, take effect ninety days after final adjourn-
ment, the time being computed on the basis of excluding the day of
adjournment and including the ninetieth day.

MASTER AND SERVANT: Workmen's Compensation Act—Award By
2   Commissioner—Modification After Appeal. The industrial commis-
sioner has no jurisdiction to modify his award after an appeal has
been taken therefrom.

MASTER AND SERVANT: Workmen's Compensation Act—Computa-
3   tion of Award. Rule of *Richards v. Central Iowa Fuel Co.*, 184
Iowa 1378, relative to the computation of awards under the Work-
men's Compensation Act, reaffirmed.

MASTER AND SERVANT: Workmen's Compensation Act—Industrial
4   Commissioner—Findings of Fact Conclusive. Findings of fact by the
industrial commissioner on substantial and supporting testimony are
necessarily final.

Headnote 1: 36 Cyc. p. 1196; 38 Cyc. p. 320. Headnote 2: Workmen's
Compensation Acts—C. J. pp. 117 (Anno.), 132 (Anno.) Headnote 3:
Workmen's Compensation Acts—C. J. p. 89. Headnote 4: Workmen's
Compensation Acts—C. J. pp. 122, 123.

Headnote 1: 25 R. C. L. 797. Headnote 2: L. R. A. 1916A, 147, 163;
L. R. A. 1917D, 186; 28 R. C. L. 823. Headnote 4: L. R. A. 1917D, 189;
28 R. C. L. 828.

*Appeal from Marshall District Court.*—B. F. Cummings, Judge.

December 14, 1926.

Proceedings for an award under the Workmen's Compensa-
tion Act. The board of arbitrators made an award, from which
an appeal was taken to the industrial commissioner, who affirmed
the award as made by the board of arbitration. Subsequently,
and after appeal to the district court, the industrial commissioner
filed a supplemental decision, modifying the method of com-
puting said award. Both parties appealed to the district court,

which struck the supplemental award of the industrial commissioner, on motion, and established the award as originally made by the arbitration committee. Both parties appeal to this court. Claimant having been designated as appellee by the parties, and the employer as appellant, they will be so treated by us.—*Modified and affirmed.*

*Sampson & Dillon* and *Ray J. Mills,* for appellants.

*Ray P. Scott,* for appellee.

FAVILLE, J.—The appellee, at the time of the matters involved in this case, was the wife of one O. I. Clingingsmith. Appellee was the mother of six children by a former marriage, three of whom were living at home with the appellee and her husband. The deceased employee was one of said children so living at home, and was nearly 21 years of age. He was unmarried, and for five years had been earning his own wages. He was killed in a railroad accident while in the employ of appellant, on the 28th day of October, 1924.

1. STATUTES: time of taking effect: acts of special session.

I. We first consider the question of the law applicable to the instant case.

The Workmen's Compensation Law was modified by the Code of 1924. Under the former statute, Section 2477-m16 (c) (3), Code Supplement, 1913, the claimant would be conclusively presumed to be dependent upon the deceased minor. Code of 1924, Section 1404, is as follows:

"In all other cases, questions of dependency in whole or in part shall be determined in accordance with the facts as of the date of the injury; and in such other cases if there is more than one person wholly dependent, the death benefit shall be equally divided among them. If there is no one wholly dependent and more than one person partially dependent, the death benefit shall be divided among them in the proportion each dependency bears to their aggregate dependency."

It therefore is important to determine which law was in force on October 28, 1924.

Article III, Section 26, of the Constitution of Iowa, provides:

"Laws passed at a special session, shall take effect ninety days after the adjournment of the general assembly by which they were passed."

The special session of the general assembly which adopted the Code of 1924 adjourned on July 30, 1924. It is the contention of the appellee that, under the provisions of the Constitution, the Code of 1924 did not become effective until October 29, 1924, and therefore said Code was not in effect on October 28, 1924, the day that the employee was killed. The statutory method of computing time (Section 63, Paragraph 23, Code of 1924) is as follows:

"In computing time, the first day shall be excluded and the last included, unless the last day falls on Sunday, in which case the time prescribed shall be extended so as to include the whole of the following Monday."

The rule of the statute seems to be one of general recognition among the courts of the country, both in statutory and constitutional construction.

The particular question now urged does not appear to have been heretofore before this court. Where a statute provides that a period of time designated shall be such as to leave ten days "between" the day of service and the first day of a term, we have held that the word "between" requires the exclusion of both the day of service and the first day of the term. *Robinson v. Foster*, 12 Iowa 186. Where the statute specifies that "clear days" must elapse between a verdict and a judgment, we have held that both the day of the verdict and the day of the judgment must be excluded. *State v. Marvin*, 12 Iowa 499. We have also held from a very early day that, where a statute provides that an act shall be done a certain number of days "before" the specified day, the first day is to be included and the latter day excluded. *Dilts v. Zeigler*, 1 G. Greene 164 (1848); *McLeland v. Marshall County*, 199 Iowa 1232. There is no good reason why the statutory rule should not be applied to the constitutional provision. We are disposed to so apply it, and the exclusion of July 30th, the day the legislature adjourned, and the inclusion of the last day result in finding that the Code of 1924 went into effect on October 28, 1924; or, more accurately stated, it went into effect at midnight of October 27, 1924. The accident in ques-

tion, having occurred in the forenoon of October 28, 1924, comes under the provisions of the Code of 1924.

As bearing upon our conclusion, see *Henderson v. Edwards*, 191 Iowa 871; *State v. Mounts*, 36 W. Va. 179 (15 L. R. A. 243); *McGinn v. State*, 46 Neb. 427 (65 N. W. 46); *Leavenworth Coal Co. v. Barber*, 47 Kan. 29 (27 Pac. 114); *Fehler v. Gosnell*, 99 Ky. 380 (35 S. W. 1125). Very many other cases might be added to this list. Appellee cites *Halbert v. San Saba Springs L. & L. S. Assn.*, 89 Tex. 230 (49 L. R. A. 193). The decision appears to be contrary to the great weight of authority throughout the country, and we are not disposed to accept it as a precedent.

II. Upon hearing before the industrial commissioner, he made an award on September 10, 1925. Both parties served notice of appeal from said award, one of said notices being filed on September 10th, and the other on September 29th. Thereafter, to wit, on October 1, 1925, without notice to either party, the industrial commissioner filed a supplemental decision, in which he modified the manner of computation as fixed by him in the original award. Thereafter, he certified the entire record in the case. In the district court, the appellee moved to strike the supplemental award from the record, and the appellant filed a motion to strike the said motion of the appellee. The court overruled the appellant's motion to strike appellee's motion, and sustained appellee's motion to strike the supplemental decision from the record. Section 1449, Code of 1924, provides for appeal to the district court by any party aggrieved by a decision of the industrial commissioner, said appeal being taken within thirty days from the date of said decision. Section 1450 provides that, within thirty days after a notice of appeal is filed with the commissioner, he shall file with the clerk of the district court a full and complete transcript of the record in the case. Appellant contends that within the thirty-day period provided for the making and filing of a transcript, the industrial commissioner had jurisdiction of the case, and could modify his award. After the appeal was taken by due notice, the commissioner had no further jurisdiction to modify the award or make a change of his decision, at least without notice to the parties. The general rule is that, where an appeal is perfected from the decision of an inferior tribunal,

2. MASTER AND SERVANT: Workmen's Compensation Act: award by commissioner: modification after appeal.

such tribunal loses jurisdiction of the case. It sometimes happens that there are statutory provisions authorizing an inferior tribunal to modify a decree or record for purposes of correcting an error even after appeal, but such statutory provisions have no application to the case at bar. See *Sergio v. Utterback*, 202 Iowa 713. The district court did not err in sustaining the appellee's motion to strike the supplemental decision and award of the industrial commissioner.

III. The appellant challenges the correctness of the award as originally made by the industrial commissioner. The district court confirmed the award as so made. The industrial commis-

3. MASTER AND SERVANT: Workmen's Compensation Act: computation of award.

sioner attempted to change the manner of computation of said award by the supplemental decision referred to, but was without jurisdiction so to do. The question involved at this point is merely a question of the manner of the computation of the amount of the award. The industrial commissioner in the first instance was in error in the manner of making this computation. The district court, in confirming said computation, likewise erred in the same manner. The rule in regard to the manner of computation under the statute has been fixed by this court in *Richards v. Central Iowa Fuel Co.*, 184 Iowa 1378; *Zenni v. South Des Moines Coal Co.*, 191 Iowa 381; *O'Callahan v. Dermedy*, 197 Iowa 632. The question is no longer an open one in this state, and therefore the rule first adopted by the industrial commissioner and by the trial court was erroneous. Under the rule adopted in the cases supra, the amount of the award would be $1,482.

IV. Appellant complains of the finding of the industrial commissioner and the district court in regard to the extent of dependency of the appellee upon the deceased employee. The

4. MASTER AND SERVANT: Workmen's Compensation Act: industrial commissioner: findings of fact conclusive.

question is one where it is peculiarly difficult to ascertain the exact dependency in dollars and cents. The employee was a minor, nearly 21 years of age, and evidently a hard-working and industrious boy. The evidence shows that he remained at home, and contributed largely from his earnings to the support of the appellee. There is evidence in the record of specific instances of the payment for a stove, for groceries and household supplies, and other

similar matters. The conclusion of the industrial commissioner has substantial support in the record. Under such circumstances, we do not interfere with the finding. The order of the district court will be modified to the extent herein indicated, and the amount of compensation fixed at $1,482. In other respects, the judgment appealed from will be affirmed. The costs on this appeal will be taxed one half to the appellant and one half to the appellee. It is so ordered.—*Modified and affirmed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.