L. D. BAKER, Appellee, v. ROBERTS & BEIER et al., Appellants.

No. 39836.

DECEMBER 13, 1929.

*H. A. Hodges, W. H. Antes,* and *A. R. Kroppach,* for appellants.

*E. H. Estey,* for appellee.

STEVENS, J.—The claimant, L. D. Baker, while in the employ of the appellants Roberts & Beier, who operate a dray line at Waucoma, fell from a dray wagon in which he was riding, and was seriously injured. It is the claim of appellants that his injuries were the result of ''horse play,'' and that they did not arise out of or in the course of his employment. The commissioner so found. This finding, if supported by competent evidence, is conclusive and binding upon this court. *Kent v. Kent,* 202 Iowa 1044; *Guthrie v. Iowa Gas & Elec. Co.,* 200 Iowa 150; *Hinrichs v. Davenport Locomotive Works,* 203 Iowa 1395; *O'Callahan v. Dermedy,* 197 Iowa 632; *Pace v. Appanoose County,* 184 Iowa 498; *Rish v. Iowa Portland Cement Co.,* 186 Iowa 443.

The claimant testified that one horse of the team he was driving lagged behind, and that he raised the lines with his right hand, for the purpose of striking the horse, and that, as he did so, a man by the name of Sullivan, who was walking by the side of the wagon, caught the line; that, when he released it, the claimant lost his balance, and fell out of the wagon onto the ground, with the results stated. Sullivan and another witness who was with him were called by appellant and examined as to the occurrence. These witnesses attempted in their testimony to fully corroborate the claimant. Prior to the date of the hearing before the arbitration committee, and shortly after the injuries were received by the claimant, each of these witnesses subscribed to an affidavit stating that the claimant raised his lines and, in a playful manner, attempted to strike Sullivan, who caught hold of the line, and, when he let loose, the claimant lost his balance and fell out of the wagon. These affidavits were offered and introduced in evidence by appellants. The industrial commissioner, believing the statements contained in the affidavit, found that the injuries to the claimant were the result of ''horse play,'' or the sportive conduct of the claimant, and therefore were not compensable. This finding by the commissioner, if supported by

competent evidence, must be sustained. *Wittmer v. Dexter Mfg. Co.*, 204 Iowa 180. Manifestly, the recitals of the affidavits are in direct conflict with the testimony of the two witnesses, and also with the testimony of the claimant. The witnesses maintain that the version given by them upon the hearing before the arbitrators is the true one. Therefore, the conflict, if any, in the evidence is presented by the affidavits. The rule is too well settled to require discussion that a party to an action may not impeach his own witnesses. He is not, however, wholly bound by their testimony, and may call other witnesses to contradict their statements. *Humble v. Shoemaker*, 70 Iowa 223; *Doran v. Waterloo, C. F. & N. R. Co.*, 170 Iowa 614; *First Nat. Bank v. Way*, 167 Iowa 426; *Endicott Johnson Corp. v. Shapiro*, 200 Iowa 843. The rule recognized in the cases cited and in other decisions of this court is that, when the party is surprised by the testimony of a witness called by him, he may, for the purpose of refreshing his recollection and awakening his conscience, call his attention to contradictory statements made by him, but may not use the same for the purpose of impeachment. This is the extent of the liberty allowed him in this jurisdiction. The affidavits in question were impeaching in character, and present a materially different version of what occurred at the time of the accident from that shown by their oral testimony. To create a dispute in the testimony, it is necessary that the affidavits be treated as substantive evidence, and the witnesses as impeached. This is exactly what the rule forbids. If the affidavits be disregarded as substantive proof, and the witnesses called by appellant as discredited thereby to the extent that the industrial commissioner might properly have wholly rejected their testimony, the record would be no less favorable to the claimant. In such event, the claimant's testimony would be uncontradicted and conclusive as to the cause of the injuries, both before the industrial commissioner and in this court.

It is, however, contended by appellants that proceedings before the arbitration committee are informal, and that strict and technical rules of evidence and procedure will not be applied. Section 1441 of the Code of 1927 provides that:

"* * * neither the board of arbitration nor the commissioner shall be bound by common law or statutory rules of evidence

or by technical or formal rules of procedure; but they shall hold such arbitrations, or conduct such hearings and make such investigations and inquiries in such manner as is best suited to ascertain and conserve the substantial rights of all parties thereto. Process and procedure under this chapter shall be as summary as reasonably may be.''

This statute was interpreted and applied in *O'Callahan v. Dermedy,* 197 Iowa 632; *Mitchell v. Phillips Min. Co.,* 181 Iowa 600; and in *Reid v. Automatic E. W. Co.,* 189 Iowa 964; *Swim v. Central Iowa Fuel Co.,* 204 Iowa 546. We  held in these cases that hearings before the industrial commissioner may not be by affidavits alone, but that, when offered, they may be considered for some purposes. The commissioner, however, must always, when requested, require that the affiant be produced for cross-examination. We held in *Hinrichs v. Davenport Locomotive Works,* supra, that a letter offered and received in evidence by the arbitration committee was inadmissible. Manifestly, the legislature did not contemplate that all ordinary rules of evidence and procedure may be disregarded by the industrial commissioner. To permit the affidavits introduced in evidence by appellants to be considered by the commissioner for the purpose of impeaching their own witnesses and as substantive proof of the facts in the case, would be to ignore and utterly disregard most wholesome and universal rules of evidence. The statute, where applicable, contemplates no such informality of procedure or relaxation of long established rules of evidence. We think that clearly the affidavits were not admissible for impeaching purposes, nor did they create a conflict in the evidence.

It is our conclusion that competent evidence introduced upon the hearing before the arbitration committee without conflict supports the claimant, and that the injury received by him arose out of and in the course of his employment, and is, therefore, under the law, compensable. The judgment of the court below is affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, DE GRAFF, and WAGNER, JJ., concur.

KINDIG, J., dissents, on the ground that common-law rules of evidence are abolished by statute.